Jamey Dean REAGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 61476.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 9, 1980.

Glen E. Eakman, J. R. Molina, Fort Worth, for appellant.

Tim Curry, Dist. Atty., William D. Kane, Jr., John F. Linebarger, C. Chris Marshall and Pamela J. Corley, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

A panel of the Court decided that this revocation of probation should be reversed and remanded because the motion to revoke the appellant's probation did not specify the condition of probation that allegedly was violated. In a motion for rehearing, the State points out that there is no sentence in the record. Our prior opinions are withdrawn.

When no sentence appears in the appellate record, this Court has no jurisdiction to enter any order other than dismissal of the appeal. *Williams v. State*, 478 S.W.2d 441 (Tex.Cr.App.1972). The appellant agrees that this Court has no jurisdiction of the appeal. The appeal must be dismissed.

If sentence was pronounced, the trial court may enter the sentence *nunc pro tunc*; on receipt of a supplemental transcript containing the sentence, the appeal will be reinstated. *De Mary v. State*, 423 S.W.2d 331 (Tex.Cr.App.1968). If sentence never has been pronounced, it now may be pronounced and entered; if he wishes, the defendant then may give notice of appeal and take a new appeal in the usual manner. *Parks v. State*, 553 S.W.2d 114 (Tex.Cr.App. 1977).

The appeal is dismissed.