**Geary Wallace NORMAND, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–84–393CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 24, 1985.

Rehearing Denied Feb. 14, 1985.

James W. Patterson, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Geary Wallace Normand appeals a jury conviction of aggravated robbery. The punishment, enhanced by one prior felony conviction, was twenty years in the Texas Department of Corrections. Appellant alleges eight grounds of error. We affirm.

On September 6, 1983, two men robbed a convenience store at gunpoint. The men took several packs of Salem cigarettes, a magazine entitled "Mustang," and cash in

the form of bills and quarters. Shortly after the cashier reported the crime, the Houston Police dispatcher notified Officer M.R. Fogle that a robbery had just taken place in the neighborhood. Officer Fogle then noticed a car traveling towards him at a high rate of speed. As the officer turned to pursue the vehicle, the driver of the car pulled into a parking lot and opened the hood to look at the engine. As Officer Fogle investigated the situation, he observed appellant, seated on the passenger side of the front seat, throw something out the window before raising his hands above his head. The officer found a brown bag with twenty-two dollars in quarters on the ground near the car. He observed a "Mustang" magazine and several packs of Salem cigarettes inside the car, and he retrieved a pistol from the driver.

Appellant first of all alleges trial court error in permitting the State to comment on appellant's failure to testify. During the State's case-in-chief, appellant's counsel cross-examined the convenience store cashier as to the identification of the robbers. Following this testimony, appellant's counsel asked his client to approach the jury so they could see the color of his eyes and his tattoos. At that point, the prosecutor said, "May I ask if this is in the form of testimony on the part of the defendant?" No one answered this question, and the trial proceeded as though the question had not been asked.

■ We do not construe the State's question to be a comment on appellant's failure to testify. However, even if the question could be construed as such, the error was harmless. After considering the very strong evidence presented against the appellant, we believe beyond all reasonable probability that the question itself did not contribute to the conviction. *See Ford v. State*, 477 S.W.2d 27, 29 (Tex.Crim.App. 1972); *Ramos v. State*, 419 S.W.2d 359, 367 (Tex.Crim.App.1967); *Davis v. State*, 634 S.W.2d 366, 367 (Tex.App.—Waco 1982, pet. ref'd). We overrule appellant's first ground of error.

Appellant next complains that the trial judge improperly commented on the weight of the evidence. During the State's direct examination of the convenience store cashier, appellant's counsel requested an interpreter, arguing that the witness demonstrated difficulty with the English language. The judge denied the request and during a bench conference also stated, "I think the witness is understanding all the questions, and his answers are intelligent."

■ To constitute reversible error as a comment on the weight of the evidence in violation of TEX.CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979), a judge's statement to the jury must be reasonably calculated to prejudice the defendant's rights. *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim.App.1983) (en banc); *Marks v. State*, 617 S.W.2d 250, 252 (Tex.Crim.App.1981). We do not find that to be the case in this instance. Furthermore, appellant's counsel failed to object to the statement, so that no error was preserved for review. *Sharpe*, 648 S.W.2d at 706; *Downey v. State*, 505 S.W.2d 907, 909 (Tex.Crim.App.1974). We overrule appellant's second ground of error.

■ The third ground of error contends that appellant received ineffective assistance of counsel because his trial attorney failed to object to the alleged errors presented in grounds of error one and two above. The adequacy of an attorney's services is judged not by isolated errors at trial, but by the totality of his representation. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App.1981). We find after reviewing the record as a whole that the trial attorney's services clearly met the requisite standard of performance. Appellant's third ground of error is overruled.

■ Appellant next complains that the court erred in sentencing him to an indefinite term. Because the judge orally pronounced the sentence as "not less than fifteen nor more than twenty years," appellant argues that the guilty verdict is void for an indefinite punishment. *Ex parte East*, 154 Tex.Crim. 123, 225 S.W.2d 833

(1950). However, the trial judge later signed a written judgment assessing punishment at the specific term of twenty years. Since written orders control over oral announcements, there is no merit in this ground of error. *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex.Crim.App.1980).

■ Appellant argues in his fifth ground of error that the conviction should be reversed because the evidence was "wholly unreliable and insufficient to sustain a verdict of guilty." Appellant bases this argument on certain inconsistencies in the testimony of the complainant, the convenience store cashier. However, "it is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit." *Banks v. State*, 510 S.W.2d 592, 595 (Tex. Crim.App.1974). The complainant was not the only witness, since Officer Fogle also testified concerning his observations when he arrested appellant shortly after the robbery occurred. Although the sufficiency of the evidence was not specifically challenged in appellant's brief, we note that there was sufficient evidence to sustain the conviction. We overrule appellant's fifth ground of error.

The sixth ground of error involves arguments before the court at the punishment phase of the trial. Apparently, the co-defendant in this case (the second assailant) had accepted from the District Attorney a plea bargain of sixteen years' confinement in exchange for a guilty plea. Appellant refused a plea bargain offer of eight years and elected to try the case. After appellant's unsuccessful trial, his counsel argued that appellant should receive no more than the sixteen years offered the co-defendant since this term of years obviously represented what the District Attorney's office considered the crime to be worth. The prosecutor objected to this reasoning, saying that the co-defendant was offered sixteen years in exchange for a guilty plea, a completely different situation from that of appellant, who rejected a plea bargain and

elected to go to trial. Essentially, the State's argument was that appellant should not reap the benefits of his co-defendant's bargain with the State because, first of all, appellant was not a party to that particular contract. *See also Ex parte Williams*, 637 S.W.2d 943, 947 (Tex.Crim.App.1982) (en banc), *cert. denied*, —— U.S. ——, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983). Secondly, the co-defendant received a lesser term of years than the crime really deserved because he pleaded guilty, saving the State the time and expense while avoiding the risk inherent in going to trial. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363; 98 S.Ct. 663, 668; 54 L.Ed.2d 604, 611 (1978).

■ Appellant alleges that the State's references to his not pleading guilty like his co-defendant were impermissible comments on his rights to remain silent and to proceed to trial by jury. He also implies that the court may not penalize him with a longer sentence because he elected to try his case. We believe the appellant's arguments are at odds with the very nature of plea bargaining. The prosecutor was merely pointing out to the court that the sixteen-year sentence given the co-defendant was the result of his acceptance of a separate plea bargain; therefore, the sixteen-year sentence should be considered a shorter term than that appropriate for appellant's crime. Despite appellant's assertions to the contrary, we do not believe the prosecutor's comments were so highly prejudicial as to require reversal. The sixth ground of error is also overruled.

■ Appellant's next two grounds of error allege certain improprieties involving the prior felony conviction used to enhance his punishment. However, we do not reach these allegations in our disposition of the case before us. The prior conviction is outside this record; therefore, we have nothing properly before us to review. *Tooke v. State*, 642 S.W.2d 514, 517–518 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Furthermore, appellant pleaded true to the enhancement allegation. When there is no objection at trial, appellant may not attack the validity of the enhancement

conviction on appeal. *Ex parte Cashman*, 671 S.W.2d 510, 512 (Tex.Crim.App.1983) (en banc); *Hill v. State*, 633 S.W.2d 520, 525 (Tex.Crim.App.1982). These two grounds of error are also overruled.

■ In addition to the brief filed by appellant's counsel, appellant has also filed a pro se brief alleging one additional ground of error. There is no provision in Texas for hybrid representation whereby both the appellant and his attorney may file separate briefs. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex.Crim.App.1981). Therefore, appellant's pro se brief presents nothing for review. Nevertheless, in the interest of justice, we have examined the contention asserted therein and find no error.

We affirm the judgment of the trial court.