**Joseph Robbins TACKETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00077–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1999.

James M. Leitner, Houston, for appellants.

Carmen Castillo Mitchell, Houston, for appellees.

Panel consists of Chief Justice MURPHY, and Justices HUDSON and HILL.[1]

## OPINION

JOHN HILL, Justice (Assigned).

Appellant, Joseph Robbins Tackett, pleaded guilty to the offense of aggravated sexual assault of a child without an agreed plea recommendation. The trial court placed him on ten years deferred adjudication and a fine of $500. Subsequently, the trial court proceeded to an adjudication of guilt and assessed Tackett's punishment at 25 years in the Texas Department of Criminal Justice, Institutional Division. Tackett presents six issues for review. He contends that: (1) the judgment and sentence of 25 years should be reformed to conform with the trial court's oral pronouncement of a sentence of five years; (2) he was denied the effective assistance of counsel; (3) the trial court violated his right to be free from being placed in jeopardy twice for the same offense; and (4) he was denied due process and due course of law by being punished for an offense before being convicted of that offense.

1. Senior Justice John Hill sitting by assignment.

We affirm. After reviewing the record, we find: (1) the written judgment supersedes any oral pronouncement by the trial court and, in any event, the corrected record reflects that the trial court orally pronounced Tackett's sentence at 25 years in the Texas Department of Criminal Justice, Institutional Division; (2) due to an inadequate record, we are unable to determine that Tackett's trial counsel was ineffective and, even if counsel were ineffective at the punishment hearing, Tackett has failed to show any resulting harm; (3) Tackett was not placed in jeopardy twice for the same offense; and (4) Tackett's right to due process of law and due course of law were not violated because being placed on probation in connection with deferred adjudication does not constitute punishment.

In his first issue for review, Tackett requests that we reform his sentence, which reflects a punishment of 25 years in the Texas Department of Criminal Justice, Institutional Division, to conform with the trial court's oral pronouncement of his punishment at five years. In the event of a conflict between the trial court's oral pronouncement and the trial court's written order, the written order controls. *See Normand v. State*, 686 S.W.2d 275, 278 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). Further, we note that the court reporter corrected the reporter's record to reflect that the trial court orally pronounced Tackett's sentence at 25 years in the Texas Department of Criminal Justice, Institutional Division.

In support of this issue, Tackett primarily relies on *Jeffery v. State*, 903 S.W.2d 776 (Tex.App.—Dallas 1995, no pet.) and *Williams v. State*, 796 S.W.2d 793 (Tex. App.—San Antonio 1990, no pet.). We find both of those cases distinguishable. In *Williams*, both the appellant and the State agreed that the judgment should be reformed because it did not accurately reflect the trial court's oral assessment of punishment. *See id.* at 800. In *Jeffery*, the appellant's attorney filed a brief concluding that the appeal was wholly frivolous and without merit. *See Jeffery*, 903 S.W.2d at 778. The court, relying on *Williams*, held that the attorney should have addressed the variance between the trial court's oral pronouncement of punishment and the written judgment and sentence as a point of error on appeal, but did not rule on the merits of the point. *See id.* at 780. Also, the court reporter in each case did not correct the record to reflect that the oral pronouncement by the trial court was actually the same as that in the written judgment and sentence. We overrule Tackett's first issue for review.

In his second issue for review, Tackett argues that his trial counsel was ineffective because he signed the trial court's admonishments that attested to the fact that a fine was not available as a punishment and that he and his counsel requested probation, even though probation was not available for the offense of aggravated sexual assault of a child. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(E) (Vernon Supp.1999). The record does not reflect a fine was not available; instead, the section indicating the maximum possible fine was left blank. There is no reporter's record or statement of facts of Tackett's original plea hearing and Tackett filed no motion for new trial. Consequently, the record is silent as to whether trial counsel's action with respect to either issue represented trial strategy. We are, therefore, unable to conclude that the trial counsel's performance was deficient. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim.App.1994).

Tackett claims that *Ex parte Battle*, 817 S.W.2d 81 (Tex.Crim.App.1991) mandates reversal. We find *Battle* to be inapplicable. First, it was a writ of habeas corpus case. Also, Battle's trial counsel filed an affidavit that reflected that there was no trial strategy and that he, in fact, had incorrectly advised the defendant as to his chances for probation. *See id.* at 83, 84. The defendant received two life sentences upon his nolo contendere plea to two separate charges of aggravated sexual assault of a child. *See id.* at 82. Here, the record is totally silent regarding any trial strategy or what Tackett's counsel advised regarding probation. We overrule Tackett's second issue for review.

In his third issue for review, Tackett insists that his plea of guilty was involuntary

because he was never advised as to the full range of punishment prior to entering his plea. We presume that he refers to the fact that probation was unavailable and because he was not advised that a maximum fine of $10,000 could be imposed. The record, however, does not disclose what advisories he might or might not have received from his attorney with respect to these issues. It does not reflect what oral admonishments, if any, he might have received at the hearing at which he entered his plea of guilty.

Further, we are not to reverse a conviction based upon such an issue unless the appellant shows how he was harmed by any failure with respect to admonishments. *See Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997); *Moussazadeh v. State*, 962 S.W.2d 261, 264 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd). Although not eligible for probation or community supervision upon conviction, Tackett was placed on probation or community supervision upon receiving a deferred adjudication. He was assessed a fine of $500 as a condition of that probation or community supervision. There is no indication that he ever paid that fine or that the State proceeded to adjudication based upon any failure to pay the fine. After the trial court proceeded to adjudication, the trial court did not assess a fine as part of Tackett's punishment for the offense of aggravated sexual assault of a child. We find that Tackett has failed to show that he was harmed by the failure of the trial court to advise him as to the impossibility of being granted probation and the maximum possible fine that might be imposed as punishment. We overrule Tackett's third issue for review.

In his fourth issue for review, Tackett asserts that he was denied effective assistance of counsel at the punishment phase of his trial because his counsel failed to produce any evidence of the crime for which he was to be punished. For the same reasons we discussed in connection with Tackett's issue for review number two, we overrule Tackett's fourth issue for review.

■ In his fifth issue for review, Tackett argues that the trial court's assessment of punishment at 25-years confinement in the Texas Department of Criminal Justice, Institutional Division, after previously assessing his punishment as deferred adjudication for ten years and a fine of $500 as a condition of his probation in connection with that deferred adjudication, violated his right to be free from Double Jeopardy under the Fifth Amendment to the United States Constitution and article I, section 14 of the Texas Constitution. He contends that he was punished twice for the same offense. This issue has previously been decided adversely to Tackett. *See Chambers v. State*, 700 S.W.2d 597, 599 (Tex.Crim.App.1985).

Tackett relies upon language in *Watson v. State*, 924 S.W.2d 711, 712, 714 (Tex.Crim. App.1996), to the effect that an order of deferred adjudication may be regarded as punishment for purposes of plea negotiations. *See id.* at 714. The context of the *Watson* court's statement was an appeal from a negotiated plea. Because deferred adjudication is not a conviction or punishment, there were complications concerning appeals in such cases. *See id.* The court concluded that the legislature opted to make the consequences of plea bargains for deferred adjudication equal to those involving other punishment recommendations by providing that an order of deferred adjudication may be regarded as punishment for purposes of plea negotiations and by authorizing immediate appeal from such orders. *See id.* The court referred to the legislature's adoption of article 44.01(j) of the Texas Code of Criminal Procedure in 1987, which related in part to a defendant's right to appeal in deferred adjudication cases. *See id; see also* TEX.CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp.1999)

■ We interpret *Watson* as holding that the legislature has chosen to treat deferred adjudication as punishment for the purposes of plea negotiations in order to make the appellate rules with respect to such pleas equal to those in other cases. We do not read *Watson* as holding that the legislature intended to make deferred adjudication itself a form of punishment. A defendant who has been placed on regular probation or community supervision is not, while on probation, serving a sentence imposed as a punishment for the crime of which he has been convicted. *See Nassar v. State*, 797 S.W.2d 318, 321

(Tex.App.—Corpus Christi 1990, pet. ref'd). We see no indication that it was the legislature's intention to provide that a defendant who has been placed on deferred adjudication, and is on probation in connection with the plea, is serving a sentence imposed as a punishment for a crime of which he or she has not been convicted. Instead, according to *Watson,* the effect of any legislative changes was to "make the consequences of plea bargains for deferred adjudication equal to those involving other punishment considerations." *Watson,* 924 S.W.2d at 714. We overrule Tackett's fifth issue for review.

In his sixth issue for review, Tackett urges that he was denied due process and due course of law by being punished for an offense before being convicted of that offense. Inasmuch as we have found, in our discussion under issue number five, that the legislature does not intend Tackett's probation to count as punishment, we find that Tackett was not punished prior to being found guilty of the offense. We overrule Tackett's sixth issue for review and affirm the judgment.