11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael
Toliver Jordan

Appellant

Vs.                   No. 11-01-00385-CR  --  Appeal from Dallas County

State of Texas

Appellee

 

The
trial court convicted appellant, upon his plea of guilty, of the offense of
theft.  Pursuant to a plea bargain
agreement, the trial court assessed appellant=s
punishment at confinement in a state jail facility for 180 days and a fine of
$1,500.  Appellant filed a Ageneral@ notice of appeal.  We dismiss the appeal for want of
jurisdiction.

In
order to perfect an appeal in a situation where a guilty plea has been entered
and punishment has been assessed pursuant to a plea bargain agreement, the
notice of appeal must specify one of the following: that the appeal is for a
jurisdictional defect, that the substance of the appeal was raised by a written
motion and ruled on before trial, or that the trial court granted appellant
permission to appeal.  TEX.R.APP.P.
25.2(b)(3); Vidaurri v. State, 49 S.W.3d 880 (Tex.Cr.App.2001).  Appellant failed to comply with the
requirements of Rule 25.2(b)(3) when he filed a general notice of appeal.

In
the interest of justice, we will address appellant=s arguments under his third issue.  There, while he challenges the effectiveness
of trial counsel, appellant also contends that his plea bargain agreement was
not followed by the trial court.   

The
record reflects that the  number A240" was originally
written on the plea agreement form, that a line was then drawn through the
number A240," and
the number A180"
was substituted as the length of confinement. 
The written plea papers signed by appellant, his counsel, the State, and
the trial court state that the agreed punishment was confinement for 180 days
in a state jail facility and a fine of $1,500. 
The trial court stated the length of confinement in open court as 240
days; however, the judgment reflects the agreed length of 180 days.  








We
hold that the written pronouncement in the judgment of confinement for 180 days
and a fine of $1,500 accurately reflects the plea bargain agreement reached by
appellant, his counsel, the State, and the trial court as shown in the record
before us.  Appellant=s reliance on Coffey v.
State, 979 S.W.2d 326 (Tex.Cr.App.1998) is misplaced.  See Tackett v. State, 989 S.W.2d 855 (Tex.App. - Houston [14th
Dist.] 1999, pet=n ref=d).  See also Veteto v. State, 8 S.W.3d 805, 818
n.6 (Tex.App. - Waco 2000, pet=n
ref=d); Galvan v.
State, 995 S.W.2d 764, 765 (Tex.App. - San Antonio 1999, no pet=n).

Because
appellant failed to comply with the requirements of Rule 25.2(b)(3), the
appellate jurisdiction of this court has not been invoked.  White v. State, 61 S.W.3d 424
(Tex.Cr.App.2001).  We are without
authority to consider appellant=s
three issues on appeal.

The
appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

July 18, 2002

Do not
publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J.,
and

Wright, J., and McCall, J.