Alvin Houston THOMPSON, Appellant,

v.

The STATE of Texas.

No. 2–01–090–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 15, 2002.

Dean M. Swanda, Arlington, for Appellant.

Tim Curry, Criminal District Attorney and Charles M. Mallin, Tanya S. Dohoney, Lisa Callaghan, and Kevin Rousseau, Assistant Criminal District Attorneys, Fort Worth, for The State.

Panel B: DAY, LIVINGSTON, and GARDNER, JJ.

## OPINION

SAM J. DAY, Justice.

## I. INTRODUCTION

A jury convicted Appellant Alvin Houston Thompson of one count of sexual assault of a child and one count of indecency with a child. The trial court orally assessed an enhanced punishment of thirty years' confinement on the count of sexual assault, but failed to pronounce sentence on the count of indecency. Nevertheless, the trial court's judgment reflects that Appellant's punishment was assessed at thirty years' confinement for each offense. In five issues, Appellant complains about the validity of the judgment as well as the legal and. factual sufficiency of the evidence to prove his guilt. We affirm in part and dismiss in part for want of jurisdiction.

## II. BACKGROUND

In July 1998, I.F., along with her sister and friend, spent the night on a pull-out couch at Appellant's house. I.F. testified that she awoke during the night to Appellant touching her breast and Appellant's penis touching her behind. Appellant left the room, but came back later and carried I.F. to another room in the house where he pulled down her underwear and penetrated her sexual organ with his penis.

## III. JUDGMENT AND JURISDICTION

In his first issue, Appellant argues that there is a variation between the judgment and the trial court's oral pronouncement of sentence. While the judgment reflects that the trial court assessed Appellant's punishment at thirty years' confinement for each of the offenses, the record of the punishment hearing reflects that the trial court only assessed thirty years' confinement for the sexual assault offense, while failing to pronounce any sentence for the indecency offense. Therefore, Appellant alleges that the judgment is void and seeks its reformation to reflect the proper sentence.

Before we may address Appellant's issues on appeal, we must first address the parties' challenges to this court's jurisdiction to hear Appellant's appeal. The State agrees with Appellant that a line of cases exists that holds that the oral pronouncement of sentence controls over the written memorialization of a sentence in the judgment. *See, e.g., Ex parte Madding,* 70 S.W.3d 131, 135 (Tex.Crim.App.2002); *Coffey v. State,* 979 S.W.2d 326, 328 (Tex. Crim.App.1998). However, the State argues that this case is factually distinguishable in that while the above cases involve circumstances in which the judgment is reformed to reflect the sentence that was actually pronounced at the punishment hearing, there is no conflict in the sentences assessed in this case; instead, the trial court failed entirely to pronounce punishment on the charged offense of indecency. Therefore, the State contends this case falls outside the realm of the foregoing line of cases and instead follows the well-established case law that an appeal must be dismissed where no sentence is pronounced. *Reagan v. State,* 594 S.W.2d 71, 71 (Tex.Crim.App.1980) (op. on reh'g);

*Williams v. State*, 478 S.W.2d 441, 442 (Tex.Crim.App.1972); *Clemons v. State*, 414 S.W.2d 940, 941 (Tex.Crim.App.1967).

■ We are persuaded by the State's argument that *Coffey* and its progeny do not apply in cases in which no sentence is pronounced. This interpretation is the only way to give full effect to both lines of cases. Therefore, we conclude that because the trial court did not pronounce sentence for the indecency offense, we lack jurisdiction to hear Appellant's appeal from this conviction. *See Clemons*, 414 S.W.2d at 941 (explaining that because "no sentence was ever pronounced, the trial court may now pronounce sentence and appellant may then appeal from that sentence if he so desires").

Nevertheless, Appellant contends that this court lacks jurisdiction to hear his appeal from either conviction. In a post-submission brief, Appellant raised for the first time that his appeal is interlocutory, which robs this court of jurisdiction to hear it.[1] Specifically, Appellant contends that because no sentence was pronounced on the indecency count, the entire judgment is interlocutory, including the sexual assault count upon which the trial court pronounced sentence. We can find no controlling case law directly on point with this issue. However, we believe the court of criminal appeals' decision in *Puente v. State*, 71 S.W.3d 340 (Tex.Crim.App.2002), is instructive.

In *Puente*, the court of criminal appeals was faced with the issue of whether misjoined and consequently invalid misdemeanor charges in a felony indictment rendered the entire conviction on that indictment void. *Id.* at 341. In *Puente*, the appellant pled guilty to all three counts in the indictment, including the two misdemeanor counts. *Id.* at 342. After accepting the appellant's plea, the trial court placed the appellant on deferred adjudication community supervision. The State subsequently filed a motion to revoke community supervision and adjudicate guilt. The appellant then sought to terminate his deferred adjudication on the ground that the trial court had lacked jurisdiction over the misdemeanor offenses in the original indictment. The trial court ruled that it retained jurisdiction over the felony and severed out the misdemeanors. The trial court then adjudicated the appellant's guilt as to the felony. The appellant appealed the adjudication of guilt on the felony on the ground that his guilty plea was void because the trial court lacked jurisdiction over the misdemeanor charges. The appellate court agreed with the appellant and reversed the trial court's judgment concluding that because the indictment contained the two misjoined misdemeanor charges when the appellant originally entered his guilty plea, the entire deferred adjudication and community supervision order was void as was the ultimate felony conviction. *Puente v. State*, 48 S.W.3d 379, 383 (Tex.App.-Waco 2001), *rev'd*, 71 S.W.3d 340 (Tex.Crim.App.2002). The court of criminal appeals disagreed with the Waco court and held that the appellant was only entitled to relief on the misjoined misdemeanor charges. *Puente*, 71 S.W.3d at 344–45.

■ While we acknowledge that *Puente* does not directly dispose of Appellant's jurisdictional complaint, we believe it is nonetheless illustrative as to an appellate court's ability to review otherwise valid convictions despite their connection to invalid or interlocutory charges or of-

---

**1.** We note that prior to this assertion Appellant had requested this court sever the two offenses listed in the trial court's judgment.

fenses. Consequently, based on the court of criminal appeals' holding in *Puente* that an appellant's plea of guilty to a felony charge that is contained in one indictment along with two improper misdemeanor offenses is valid and enforceable, we hold that we have jurisdiction over Appellant's appeal. As such, because we conclude that we have jurisdiction to consider Appellant's arguments on appeal, and because we have concluded that *Coffey* and its progeny do not apply to this situation, we dismiss for want of jurisdiction Appellant's appeal from his conviction for indecency with a child, but maintain jurisdiction over his sexual assault conviction for further consideration in light of Appellant's remaining issues on appeal.[2]

## IV. SUFFICIENCY OF THE EVIDENCE

Appellant argues in his second and fourth issues that the evidence is legally and factually insufficient to support his conviction for sexual assault of a child. In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict. *Cardenas v. State*, 30 S.W.3d 384, 389–90 (Tex.Crim.App.2000); *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim. App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim.App.), *cert. denied*, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and

to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996). Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence. *Johnson*, 23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Id.* In performing this review, we are to give due deference to the fact finder's determinations. *Id.* at 8–9; *Clewis*, 922 S.W.2d at 136. Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice. *Johnson*, 23 S.W.3d at 9, 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).

A person commits the offense of sexual assault of a child if the person "[i]ntentionally or knowingly ... causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." Tex. Penal Code Ann. § 22.011(a)(2)(C) (Vernon Supp. 2002). The section further defines child as "a person younger than 17 years of age who is not the spouse of the actor." *Id.* § 22.011(c)(1).

---

**2.** Because of our disposition of Appellant's first issue, we do not need to address his third and fifth issues. *See* Tex R.App. P. 47.1.

I.F. testified that during July 1998, when she was fourteen, she was hanging around her house with her younger sister and friend when they decided to go over and spend the night with Appellant, who was I.F.'s uncle through marriage and whom I.F. had known her entire life. All three of the girls went to sleep on a pull-out couch in Appellant's living room. During the night, I.F. testified that she felt Appellant touching her breast first through her night gown and then under it. She then explained that Appellant took her to another room where he laid her on another couch, took off her underwear, told her not to tell anyone, and put his penis inside her sexual organ.

However, I.F.'s friend who stayed at Appellant's house on the night in question testified that I.F. did not spend the night at Appellant's house with her and I.F.'s sister. Instead, I.F.'s friend testified that I.F. spent the night at a friend's house that night.

■■■ While this evidence is contradictory, we may not impinge upon the fact finder's role as the sole judge of the weight and credibility of witness testimony. *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997), *cert. denied*, —— U.S. ——, 122 S.Ct. 1463, 152 L.Ed.2d 461 (2002); *Dimas v. State*, 987 S.W.2d 152, 155 (Tex.App.-Fort Worth 1999, pet. ref'd). The jury, as fact finder, was the judge of the facts proved and of reasonable inferences to be drawn therefrom. *See Thornton v. State*, 994 S.W.2d 845, 850 (Tex.App.-Fort Worth 1999, pet. ref'd). The weight given to contradictory testimonial evidence is within the sole province of the jury because it turns on an evaluation of credibility and demeanor. *See Cain v. State*, 958 S.W.2d 404, 408–09 (Tex.Crim.App.1997). Thus, we must defer to the fact finder's weight-of-the-evidence determinations. *See id.* at 409.

However, Appellant points to the evidence concerning I.F.'s diagnosis of chlamydia and genital warts and Appellant's lack of such sexually transmitted diseases as proof that while I.F. had sexual intercourse, the evidence suggests that he was not her partner.

The evidence proves that I.F. visited Planned Parenthood to get a pap smear, which indicated that I.F. had chlamydia and genital warts. The court issued a search warrant for medical exams to determine whether Appellant suffered from the same sexually transmitted diseases. The nurse who aided the doctor during the examination of Appellant's penis testified that she observed three white areas that looked like blisters without fluid inside of them, three white bumps, and a small break in the skin. She explained that these areas were atypical of what she would expect to see on people with genital warts. The doctor's notes indicated that the bumps were an inflammation caused by a yeast infection. The nurse testified that a biopsy of the areas would be necessary for a definitive diagnosis. Further, the swab for chlamydia was also negative. Appellant also introduced the testimony of his girlfriend of the past three years who testified that she and Appellant had engaged in regular sexual activity and none of her three physical examinations during that period indicated that she had either genital warts or chlamydia.

Based on this evidence, Appellant argues that "[t]he State did not prove beyond a reasonable doubt that appellant was the person who gave [I.F.] chlamydia." This, however, was not one of the elements the State was required to prove beyond a reasonable doubt to convict Appellant of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(C), (c)(1). Moreover, the record is silent as to when and from whom I.F. contracted her

diseases. Further, the record does not contain any evidence that suggests that a person who has had sexual contact with one infected with genital warts or chlamydia necessarily contracts those diseases. Therefore, the mere fact the victim has a sexually transmitted disease that the defendant lacks does not negate the defendant's culpability for the assault.

■ Viewing the evidence in the light most favorable to the verdict, the evidence is legally sufficient to support the jury's verdict. Moreover, when viewed in the appropriate manner, the evidence is also factually sufficient. Resolution of the inconsistencies between I.F.'s and her friend's testimony as to whether I.F. was present at Appellant's home on the night in question is merely weight-of-the-evidence determinations for the fact finder. *See Cain,* 958 S.W.2d at 408–09. Similarly, the mere fact that I.F. suffered from chlamydia and genital warts, which Appellant did not have, does not make the evidence supporting the judgment so weak as to be manifestly unjust and clearly wrong. Therefore, we hold that the evidence is legally and factually sufficient to support the judgment. Appellant's second and fourth issues are overruled.

### V. CONCLUSION

Having overruled Appellant's second and fourth issues on appeal, we affirm the trial court's judgment for the offense of sexual assault of a child. However, because the trial court did not pronounce sentence for the indecency offense, we lack jurisdiction to hear Appellant's appeal from his conviction on that offense and, consequently, dismiss for want of jurisdiction his appeal from the offense of indecency with a child.