In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01226-CR

NO. 01-01-01227-CR

____________


MARK GARDNER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court 

Harris County, Texas

Trial Court Cause Nos. 861497 & 861498

 




O P I N I O N


 Pursuant to an agreed punishment recommendation, appellant, Mark Gardner,
pled no contest to two indictments alleging aggravated assault by a police officer
using a deadly weapon. See Tex. Penal Code Ann. § 22.02(a)(2), (b)(1) (Vernon
1994). Pursuant to the plea agreement, the offense was reduced in both indictments
to the second-degree felony of aggravated assault (1) and the trial court deferred a
finding of guilt, placed appellant on four years' community supervision, and assessed
a $500 fine. Appellant did not appeal that ruling. The State later moved to adjudicate
appellant's guilt in both causes. On appellant's plea of true to the motion's
allegations, the trial court adjudicated appellant guilty of both offenses and assessed
punishment at four years in prison in each cause, pursuant to the parties' agreement
on the plea of true. We determine (1) whether Code of Criminal Procedure article
42.12, section 5(b) violates the Double Jeopardy provisions of the State and Federal
Constitutions and (2) whether appellant preserved his Equal Protection challenge. 
We affirm.

Double Jeopardy


 In the first part of his issue, appellant claims that Code of Criminal Procedure
article 42.12, section 5(b) is unconstitutional because (1) deferred-adjudication
community supervision and accompanying fines are pre-conviction punishments and
thus (2) assessing punishment after guilt is adjudicated violates the Double Jeopardy
clause of the State and Federal Constitutions. See U.S. Const. amend. V; Tex.
Const. art. I, § 14; Tex. Code. Crim. P. art. 42.12, § 5(b) (Vernon 1994). We
construe this challenge as concerning punishment assessed after adjudication of guilt,
a challenge over which we have jurisdiction. See Tackett v. State, 989 S.W.2d 855,
858 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd) (treating merits of double
jeopardy challenge in appeal from adjudication of guilt); see also Tex. Code. Crim.
P. art. 42.12, § 5(b) ("After an adjudication of guilt, all proceedings, including
assessment of punishment, pronouncement of sentence, granting of community
supervision, and defendant's appeal continue as if the adjudication of guilt had not
been deferred."); Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001)
(recognizing that defendant may appeal aspects of the punishment phase after guilt
is adjudicated). 

 Neither the assessment of deferred-adjudication community supervision nor its
accompanying fine is "punishment" for purposes of double jeopardy:

 A defendant who has been placed on regular probation or community
supervision is not, while on probation, serving a sentence imposed as a
punishment for the crime of which he has been convicted. We see no
indication that it was the legislature's intention to provide that a
defendant who has been placed on deferred adjudication, and is on
probation in connection with the plea, is serving a sentence imposed as
a punishment for a crime of which he or she has not been convicted.


Tackett, 989 S.W.2d at 858-59 (citations omitted). Thus, the assessment of
punishment after adjudication of guilt does not violate the Double Jeopardy clause. 
Id. (holding assessment of punishment after adjudication of guilt did not violate
Double Jeopardy clause because neither deferred-adjudication community supervision
nor accompanying fine was punishment for purposes of double jeopardy) (following
Chambers v. State, 700 S.W.2d 597, 599 (Tex. Crim. App. 1985)). We overrule this
portion of appellant's issue.

Equal Protection


 In the second part of his issue, appellant claims Code of Criminal Procedure
article 42.12, section 5(b) violates both constitutions' Equal Protection clauses by
allowing the trial court to consider evidence of the violations for which deferred-adjudication community supervision was revoked when assessing punishment after
adjudication of guilt. U.S. Const. amend. XIV; Tex. Const. art. I, § 3, 3a; Tex.
Code. Crim. P. art. 42.12, § 5(b). We have jurisdiction over this complaint because
it concerns punishment after adjudication of guilt. See Tex. Code. Crim. P. art.
42.12, § 5(b). However, this challenge is waived for not being raised below. See
Tex. R. App. P. 33.1; Steadman v. State, 31 S.W.3d 738, 742 (Tex. App.--Houston
[1st Dist.] 2000, pet. ref'd) (in appeal after adjudication of guilt, holding equal
protection challenge related to punishment waived for not being raised at adjudication
hearing).

Conclusion


 We affirm the judgments of the trial court.


 Tim Taft


 Justice


Panel consists of Justices Taft, Alcala, and Price. (2)


Do not publish. Tex. R. App. P. 47.4.
1. See Tex. Penal Code Ann. § 22.02(a)(1), (2) (Vernon 1994).
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.