Affirmed and Opinion filed January 16, 2003















Affirmed and
Opinion filed January 16, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-01-01277-CR

_______________

 

HUGO BOONE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________

 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 799609

________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Hugo Boone appeals his conviction
for engaging in organized crime on the ground that he has been punished twice
for the same offense in violation of his constitutional double jeopardy and
equal protection rights.  We affirm.

            Appellant entered a guilty plea, and
the trial court deferred adjudication of his guilt and placed him on community
supervision for eight years.  Two years
later, on the State’s motion, the trial court adjudicated appellant’s guilt and
sentenced him to five years confinement.

            When a trial court adjudicates a
previously deferred adjudication of guilt, an appellant cannot appeal the trial
court’s decision to adjudicate guilt, but can appeal aspects of the punishment
phase.  Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001). 
Accordingly, we address appellant’s challenges in this case to the
extent they pertain to the punishment phase of his conviction.

            Appellant first contends that
article 42.12, section 5(b), of the Texas Code of Criminal Procedure[1] is
unconstitutional because a deferred adjudication community supervision and its
accompanying conditions are a pre-conviction punishment, such that a second punishment,
after guilt is adjudicated, is prohibited by the Double Jeopardy Clauses of the
Texas and United
States Constitutions.[2]  However, appellant cites no case so holding,
and the Texas cases
addressing this contention have held to the contrary.[3]  Because appellant’s double jeopardy challenge
thus affords no basis for relief, it is overruled.

            Appellant next contends that article
42.12, section 5(b), violates the Equal Protection Clauses of the United
 States and Texas Constitutions[4] by
allowing him to be punished twice for the same crime.  However, because appellant failed to raise an
equal protection complaint in the trial court, this contention presents nothing
for our review.[5]  Accordingly, it is overruled, and the
judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 16, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











[1]           See Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2003).





[2]           See U.S. Const. amend V; Tex. Const. art. I, § 14; Monge v. California, 524 U.S. 721,
727-28 (1998) (recognizing that the Double Jeopardy Clause protects against
multiple punishments for the same offense).





[3]           See
Chambers v. State, 700 S.W.2d 597, 598-99 (Tex. Crim.
App. 1985) (rejecting contention that double jeopardy was violated by
imposition of sentence after deferred adjudication probation was revoked and
guilt was adjudicated); Tackett v. State,
989 S.W.2d 855, 858-59 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d) (same).





[4]           See U.S. Const. amend. XIV; Tex. Const. art. I, §§ 3, 3a.





[5]           See Tex. R. App. P. 33.1(a); Saldano v. State,
70 S.W.3d 873, 889-90 (Tex. Crim. App. 2002) (holding
that equal protection complaint was waived by failing to raise it in trial
court); Jenkins v. State, 912 S.W.2d
793, 808 (Tex. Crim. App. 1993) (same); Steadman v. State, 31 S.W.3d 738, 742
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (in
appeal after adjudication of guilt, holding that equal protection challenge to
imposition of punishment was waived by failing to raise it at the adjudication
hearing).