NO. 07-04-0290-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 1, 2005



______________________________




JOSEPH ALVAREZ CASTRO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 46,351-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following a not guilty plea, appellant was convicted by a jury of aggravated assault
with a deadly weapon, enhanced, and punishment was assessed by the trial court at 30
years confinement. Presenting five issues, appellant questions whether (1) jeopardy
attached when the court accepted his plea of guilty and assessed punishment pursuant to
a plea agreement; (2) the trial court erred when it sua sponte set aside his guilty plea after
jeopardy had attached and he proceeded to trial on the same offense; (3) the trial court
erred in sua sponte "undoing and withdrawing" his guilty plea, its acceptance, and
assessment of punishment pursuant to a plea agreement; (4) the trial court erred in sua
sponte "undoing and withdrawing" his guilty plea when he did not withdraw it; and (5) the
trial court breached its agreement when it subsequently accepted his guilty plea and then
sua sponte undid and withdrew the guilty plea and put him to trial. We affirm.

 Appellant was convicted of aggravated assault for stabbing the victim. According
to testimony, appellant's father operated an auto shop behind his home, which was located
next to the victim's home. Appellant worked in the shop and the victim spent time there. 
On the night of the incident, while the victim was riding his bike home from work, appellant,
who was with his girlfriend in her car approaching from the opposite direction, noticed the
victim and instructed her to turn the car around. She complied and, after she stopped,
appellant exited the car and approached the victim. A fight immediately broke out and the
victim ran. Appellant followed him, pulled a knife out and stabbed him, and a chase
followed. The victim became weary, gave up, and pleaded for his life. Appellant kicked
him and then left.

 Initially, appellant and the State entered into a plea bargain. At the plea hearing,
appellant entered a plea of guilty and was admonished by the trial court. The court then
announced:

 All right. All right. Mr. Castro, I will accept your plea bargain in this case. I
will accept your plea of guilty and find that it has been made knowingly and
voluntarily. I will further find that the evidence is sufficient to find you guilty
of the second degree felony of aggravated assault with a deadly weapon.


The court deferred a finding of guilt and informed appellant he would be placed on
community supervision for six years. Appellant was ordered to pay restitution for the
victim's medical treatment, undergo anger management, and have no contact with the
victim. After appellant acquiesced to the conditions, defense counsel informed the court
that the victim was a neighbor of appellant's and visited appellant's father's shop daily, but
that appellant would try to avoid contact with the victim.

 After a discussion on the court's condition of no contact with the victim, appellant
agreed to stay away from him. The court instructed appellant that if the victim came over
he would need to retreat and go inside his house. Appellant replied, "Oh, my God." After
further discussion on avoiding contact with the victim, the Court asked appellant if he
needed to say anything and he professed his innocence as follows:

 Your Honor, I didn't assault this man, but we're not here to talk - I mean,
we're here to talk about that, but I'm accepting something that's just giving
up a lot of my rights.

 

(Emphasis added). The court immediately announced that appellant had "blown it" and it
could not accept the plea if appellant could not admit he committed the crime. Sua sponte,
the trial court withdrew appellant's guilty plea. 


 By his first two issues, appellant questions whether jeopardy had attached when the
trial court accepted his guilty plea and assessed the plea-bargained punishment. The Fifth
Amendment provides that no person shall be subject for the same offense to be twice put
in jeopardy of life or limb. U.S. Const. amend. V. See also Tex. Const. art. I, § 14. The
Double Jeopardy Clause consists of three separate constitutional protections: (1) it protects
against a second prosecution for the same offense after acquittal; (2) it protects against
a second prosecution for the same offense after conviction; and (3) it protects against
multiple punishments. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23
L.E.2d 656 (1969). 

 A defendant may raise a claim of double jeopardy when a former prosecution
resulted in acquittal, conviction, was improperly terminated, or was terminated by a final
order or judgment for the defendant that has not been reversed, set aside, or vacated and
that necessarily required a determination inconsistent with a fact that must be established
to secure conviction in the subsequent prosecution. See Tex. Code Crim. Proc. Ann. art.
27.05 (Vernon 1989). Ordinarily, failure to do so waives the claim for appellate review. 
See Casey v. State, 828 S.W.2d 214, 215-16 (Tex.App.-Amarillo 1992, no pet.).

 Generally, a double jeopardy claim must be preserved. Gonzalez v. State, 8 S.W.3d
640, 642 (Tex.Cr.App. 2000). (1) A claim, however, may be raised for the first time on appeal
when (1) the undisputed facts show the double jeopardy violation is apparent from the face
of the record and (2) enforcement of usual rules of procedural default serves no legitimate
state interests. Id. at 643. If a jeopardy violation is apparent on the face of the record, a
defendant will prevail; if not, the claim fails on the merits regardless of whether it was
preserved for review. See Jimenez v. State, 67 S.W.3d 493, 509 (Tex.App.-Corpus Christi
2002, pet. ref'd). Thus, we must first determine whether a double jeopardy violation is
clearly apparent on the face of the record before addressing whether it was preserved for
review.

 Appellant asserts he was tried twice for the same offense. We disagree. We
recognize that in a negotiated plea proceeding, jeopardy attaches when the trial court
accepts the plea bargain. Ortiz v. State, 933 S.W.2d 102, 107 (Tex.Cr.App. 1996). 
However, there is no jeopardy violation where a court accepts a plea and later rejects it. 
See Mayfield v. Giblin, 795 S.W.2d 852, 856 (Tex.App.-Beaumont 1990, orig. proceeding)
(denying mandamus relief where trial court accepted a plea bargain and later rejected it
after reviewing a presentence investigation report).

 In the underlying case, the trial court initially accepted appellant's plea bargain;
however, after appellant professed his innocence, the plea bargain was withdrawn. Cf.
Ortiz v. State, 885 S.W.2d 271, 274 (Tex.App.-Corpus Christi 1994), aff'd, 993 S.W.2d 102
(Tex.Cr.App. 1996) (finding that the trial court's use of "accept the plea" did not amount to
an adjudication of a lesser offense).

 Additionally, appellant had bargained for deferred adjudication, which does not
cause him to suffer a conviction until community supervision is revoked and guilt is
adjudicated. See Jordan v. State, 36 S.W.3d 871, 876 (Tex.Cr.App. 2001). Also, deferred
adjudication is not a form of punishment. See generally Tackett v. State, 989 S.W.2d 855,
858-59 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd) (interpreting Watson v. State, 924
S.W.2d 711 (Tex.Cr.App. 1996)). The record does not demonstrate that appellant was
prosecuted twice for the same offense after an acquittal, prosecuted twice for the same
offense after a conviction, nor assessed multiple punishments. Thus, we conclude a
jeopardy violation is not apparent on the face of the record. Our conclusion and appellant's
failure to raise double jeopardy below waives his claim on appeal. Issues one and two are
overruled.

 By issues three, four, and five, appellant contends the trial court erred in sua sponte
"undoing and withdrawing" his guilty plea, its acceptance, and assessment of punishment
pursuant to a plea agreement, sua sponte "undoing and withdrawing" his guilty plea when
he did not withdraw it, and breaching its agreement when it subsequently accepted his
guilty plea and then sua sponte undid and withdrew it and put him to trial. He argues the
trial court was without authority to sua sponte grant a new trial. Although we agree that a
trial court has no authority to grant a new trial without a motion, we disagree with
appellant's contentions. See Zaragosa v. State, 588 S.W.2d 326-27 (Tex.Cr.App. 1979).

 Following the trial court's sua sponte withdrawal of his guilty plea, appellant did not
lodge an objection nor otherwise bring to the trial court's attention any dissatisfaction
regarding the withdrawal. The trial court's action must be preserved for appellate review. 
See Mendez v. State, 138 S.W.2d 334, 339 (Tex.Cr.App. 2004) (holding that a complaint
regarding the trial court's failure to sua sponte withdraw a guilty plea was not preserved in
accordance with Rule 33.1(a) of the Texas Rules of Appellate Procedure). We hold
appellant failed to preserve his complaints for review. However, in the interest of justice,
we reference these additional authorities.

 A plea bargain is a contractual agreement that must be agreed to by all necessary
parties or it is not binding. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (Vernon Supp.
2005). Also, voluntariness of a plea is determined by the totality of the circumstances
surrounding the plea. Griffin v. State, 703 S.W.2d 193, 196 (Tex.Cr. App. 1986).

 A trial court errs when it does not sua sponte withdraw an accused's guilty plea
where the evidence reasonably and fairly raises his innocence. Mendez, 138 S.W.3d at
337. Although no evidence was presented at the plea hearing, appellant declared he had
not assaulted the victim, that he was giving up many rights, and replied in a doubtful
manner when the court instructed him to avoid the victim by retreating. Based on the
totality of the circumstances, the trial court had no choice but to withdraw the guilty plea. 
We conclude the trial court did not err in withdrawing appellant's guilty plea nor breach the
plea agreement. In fact, appellant failed to abide by the terms of the agreement by
claiming he had not assaulted the victim. Issues three, four, and five are overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


 

Publish.

 
1. The Court noted that preservation of double jeopardy claims is not a model of
clarity. Gonzalez, 8 S.W.3d at 642-43.