In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-162 CR


____________________



PAUL EUGENE WAGSTAFF, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1-A District Court 


Jasper County, Texas


Trial Cause No. 8803






MEMORANDUM OPINION


 Paul Eugene Wagstaff appeals from the trial court's judgment that revoked a 1998
deferred adjudication order. The written judgment recites that the trial court imposed a
twenty-year prison sentence. The record reflects that the trial court failed to orally pronounce
a definite sentence. We hold that the oral pronouncement of sentence was void and remand
the case to the trial court for imposition of sentence.

 After hearing the State's motion to adjudicate, the trial court found Wagstaff guilty
of sexual assault on a child and scheduled a hearing on punishment. Wagstaff presented
evidence that he suffers from leukemia. At the conclusion of the sentencing hearing, the trial
court ruled as follows: 

 THE COURT: I wish that people would learn that there are
consequences to choices that are made in life. We have a situation here where
lives have been affected; some innocent, some not so innocent. And we're
here today basically because of a choice that was made back in 1997. And that
offense was an offense that was worthy of a maximum sentence. I'm being
asked here today to consider everything that Mr. Wagstaff didn't consider,
family, the effect all of this would have. It's a sad situation for a lot of people.


 This Court is going to sentence you for the offense committed in 1997
to the period of time authorized by law, and you will be confined for a period
not to exceed two years nor twenty years in the Texas Department of Criminal
Justice Institutional Division. You'll be given credit on this time for your time
served. I will provide that you'll remain on your PR bond until March the 31st,
and report to the sheriff at that time at 10:00 a.m. on March 31st.


 Court is recessed.


 In the sole issue raised on appeal, Wagstaff contends that his sentence is void.
Although the written judgment states that the trial court assessed a sentence of twenty years
in prison, the reporter's record reveals that the trial court did not orally pronounce a sentence
of confinement for a definite term of years. 

 "The sentence is that part of the judgment, or order revoking a suspension of the
imposition of a sentence, that orders that the punishment be carried into execution in the
manner prescribed by law." Tex. Code Crim. Proc. Ann. art. 42.02 (Vernon 2006). The
sentence is pronounced orally. Ex parte Madding, 70 S.W.3d 131, 135 (Tex. Crim. App.
2002). In the event of a conflict between the oral pronouncement and the memorialization
contained in the written judgment, the oral pronouncement controls. Coffey v. State, 979
S.W.2d 326, 328 (Tex. Crim. App. 1998). The issue in this case is not whether there is a
conflict between the oral pronouncement of the sentence and the written judgment, but
whether Wagstaff has been effectively sentenced at all. 

 An analogous situation arose in Thompson v. State, 85 S.W.3d 415, 416-17 (Tex.
App.--Fort Worth 2002), aff'd 108 S.W.3d 287 (Tex. Crim. App. 2003). In Thompson, the
trial court orally pronounced sentence on one count but failed to orally pronounce sentence
on another count. Thompson v. State, 85 S.W.3d at 416. The written judgment reflected
conviction and sentence on both counts. Id. The appellate court held it had jurisdiction over
the count for which sentence had been pronounced in open court, but dismissed the appeal
on the other count for lack of jurisdiction. Id. at 417-18. On petition for discretionary
review, the Court of Criminal Appeals reasoned that the appellant was never sentenced on
the second count and the trial court mistakenly entered a sentence of thirty years in the
written judgment; because no sentence was ever rendered in open court, the judgment was
invalid. Thompson v. State, 108 S.W.3d at 290. "Without a valid written judgment, there is
no 'conviction' for appellant to appeal." Id. The Court of Criminal Appeals rejected the
appellant's argument that the Court of Appeals could not exercise appellate jurisdiction over
the count upon which sentence had been pronounced. Id. at 291. Reasoning that the
presumption of finality disappears when the record affirmatively demonstrates that the
written judgment is incorrect, the court also rejected the appellant's alternative argument that
the written judgment made the convictions on both counts final and appealable. Id. at 292. 
 The State cites Ribelin v. State, as authority for ignoring the oral pronouncement in
favor of the written judgment. Ribelin v. State, 1 S.W.3d 882, 885, n.2. (Tex. App.-Fort
Worth 1999, pet. ref'd). There, while sentencing the defendant for possession of cocaine and
marijuana, the trial court orally pronounced an eight-year sentence for a state jail felony. Id.
at 885. Without discussing how the trial court implemented the reduction in sentence, the
appellate court noted that the written judgment stated a one-year sentence of confinement in
a county jail and affirmed the judgment. Id. The appellate court found the error in the oral
pronouncement to be harmless, presumably because somehow the punishment had been
reduced to a legally permissible range. See Tex. Pen. Code. Ann. § 12.44 (Vernon Supp.
2006). The court distinguished Coffey on the grounds that the written judgment contained
a legal punishment while the oral pronouncement did not. Id. at 885 n.2. In Ribelin,
however, the appellant had been sentenced in open court and the issue was confined to the
variance between the oral pronouncement and the written judgment. Id. Wagstaff's situation 
more closely resembles the facts of Thompson, as "a period not to exceed two years nor
twenty years" does not fix punishment for a definite term of years as required by law. See
Tex. Pen. Code Ann. § 12.01(a) (Vernon 2003) ("A person adjudged guilty of an offense
under this code shall be punished in accordance with this chapter and the Code of Criminal
Procedure."). 

 In Normand v. State, the appellant complained that the court erred in sentencing him
to an indefinite term when the judge orally pronounced the sentence as "not less than fifteen
nor more than twenty years." Normand v. State, 686 S.W.2d 275, 277 (Tex. App.--Houston
[14th Dist.] 1985, pet. ref'd). Reasoning that written judgments control over oral
pronouncements, the court held the trial court did not err in signing a judgment that assessed
a twenty-year sentence. Id. at 278. Since Normand, it has been settled that the oral
pronouncement controls in a conflict with a written judgment. See Coffey, 979 S.W.2d at
328. Normand is not reliable precedent because it relies upon a discredited rule of
construction. See Normand, 686 S.W.2d at 278; Coffey, 979 S.W.2d at 328. 

 Applying Thompson to this case, the trial court orally pronounced that Wagstaff would
serve "a period [of confinement] not to exceed two years nor twenty years[.]" The trial court
also told Wagstaff that his actions deserved the maximum sentence, and the written judgment
that recites a twenty-year sentence was signed by the trial court and bears the appellant's
thumbprint. The judge obviously mis-spoke during the sentencing proceeding, because
sentences have not been pronounced in this manner since 1981. See Act of May 27, 1965,
59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 487, amended by Act of May 9, 1973,
63rd Leg., R.S., ch. 91 § 2, 1973 Tex. Gen. Laws 205, 206; Act of May 28, 1977, 65th Leg.,
R.S., ch. 806, §1, 1977 Tex. Gen. Laws 2018; Act of June1, 1981, 67th Leg., R.S., ch. 291,
§117, 1981 Tex. Gen. Laws 761, 810 (current version at Tex. Code Crim. Proc. Ann. art.
42.09 (Vernon 2006)). Although we may surmise that the trial court intended to impose a
twenty-year sentence in punishment, the trial court did not pronounce sentence but merely
approximated the punishment range. Consequently, the judgment, which recites a twenty-
year sentence, does not accurately reflect what actually occurred in open court. In the
absence of a valid judgment based upon a sentence pronounced orally in Wagstaff's
presence, the notice of appeal does not invoke our jurisdiction. See Thompson, 108 S.W.3d
at 290; Coffey, 979 S.W.2d at 328 ("Thus it is the pronouncement of sentence that is the
appealable event, and the written sentence or order simply memorializes it and should
comport therewith.").

 The State suggests that we abate the appeal and return the case to the trial court for
sentencing. (1) Wagstaff, who contends the sentence is void, has not raised any ground for
declining to abate the appeal so that a valid sentence may be imposed. The Rules of
Appellate Procedure require that we not dismiss an appeal if the trial court's erroneous action
or failure to act prevents the proper presentation of the case and the trial court can correct its
action or failure to act. Tex. R. App. P. 44.4. Accordingly, we abate this appeal and remand
the cause to the trial court for sentencing in open court. A reporter's record of the sentencing
hearing shall be prepared and filed in the record of this appeal, together with a clerk's record
containing the trial court's judgment. The appeal will be reinstated when the supplemental
record is filed.

 APPEAL ABATED AND CAUSE REMANDED.



 __________________________________

 CHARLES KREGER

 Justice


Submitted on May 11, 2007

Opinion Delivered August 15, 2007

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. It appears neither party sought an abatement in Thompson. See Thompson, 108
S.W.3d at 289; 85 S.W.3d at 416-17. "It should be noted that we need not address the
question of whether there is only one proper remedy for this situation; it is enough to
determine whether the court of appeals chose a proper remedy." Thompson, 108 S.W.3d
at 290-91.