NO. 07-10-0187-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 18, 2010

_____

In re DERRICK A. WALKER,

Relator
_____

*Opinion on Original Proceeding for Writ of Prohibition*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is the application of Derrick A. Walker for a writ of prohibition barring the State from proceeding to adjudicate his guilt in Cause Nos. 3358 and 3404, 100th Judicial District Court, Hall County, Texas. The writ is founded upon his belief that the proceeding contravenes the restrictions against double jeopardy. That is, his having partially paid a "fine" assessed as a condition for deferring the adjudication of his guilt and being placed on community supervision bars the State from proceeding with its motion to adjudicate, the argument goes. To adjudicate Walker's guilt and ultimately levy sentence supposedly exposes him to being punished twice for the same offense. We deny the writ.

Assuming *arguendo* that Walker complied with all the requirements of Texas Rule of Appellate Procedure 52, we note that his argument lacks merit. Having one's

adjudication of guilt deferred and being placed on community supervision during that period is not tantamount to being sentenced and punished.  *Gardner v. State*, No. 01-01-1226-CR, 2002 Tex. App. LEXIS 7464 *3 (Tex. App.–Houston [1st Dist.] October 17, 2002, no pet.) (not designated for publication); *Tackett v. State*, 989 S.W.2d 855, 858-59 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd).  Thus, complying with the conditions of his continued probation or community supervision, which includes the payment of a "fine," does not mean that he has completed or been subjected to some aspect of punishment as contemplated by the Double Jeopardy Clause.  *Gardner v. State, supra.*

The request for a writ of prohibition is denied.


Brian Quinn
Chief Justice

2