**MODIFY and AFFIRM; and Opinion Filed November 7, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00456-CR

### JOHN ARLON MILLER, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F10-25128-K**

### MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Fillmore

John Arlon Miller, Jr. appeals from the revocation of his community supervision contending, in two points of error, that the trial court's judgment should be reformed to accurately reflect the conditions of community supervision that the trial court found Miller violated and there is insufficient evidence to support the court costs assessed in the judgment. We modify the trial court's judgment to correctly reflect the conditions of community supervision that the trial court found Miller violated. As modified, we affirm the trial court's judgment. We issue this memorandum opinion because the law to be applied in this case is well settled. *See* TEX. R. APP. P. 47.4.

### Background

Miller waived a jury and pleaded guilty to driving while intoxicated, third offense. *See* TEX. PENAL CODE ANN. §§ 49.04(a)–(b), 49.09(b)(2) (West Supp. 2012). The trial court found

Miller guilty and assessed punishment of ten years' imprisonment and a $1,000 fine. However, the trial court suspended the sentence and placed Miller on community supervision for five years. As a condition of community supervision, the trial court ordered that Miller be released only to the Dallas County Judicial Treatment Center Program. The conditions of community supervision were subsequently modified to allow Miller to be released to the Harris County Court Residential Treatment Center (HCCRTC) and requiring Miller to successfully complete the HCCRTC treatment program. On September 15, 2011, the State moved to revoke Miller's community supervision, alleging Miller had violated a number of the terms of his community supervision, including the requirement he successfully complete the HCCRTC treatment program. The trial court continued Miller on community supervision, but modified the conditions of Miller's supervision to require Miller to participate in the Substance Abuse Felony Punishment Facility (SAFPF) program and comply with all rules and regulations of the program until successfully released from the program or released by the trial court from the program.

On March 20, 2012, the State again moved to revoke Miller's community supervision, alleging he violated the following conditions of his community supervision: (h), requiring Miller to pay court costs and fines; (j), requiring Miller to pay community supervision fees; (k), requiring Miller to pay a Crime Stoppers fee; (m), requiring Miller to obey all program instructions and/or treatment for substance abuse or psychological health as directed by the Comprehensive Assessment and Treatment Services Program; (n), requiring Miller to pay urinalysis fees; (w), requiring Miller to faithfully participate in residential treatment through HCCRTC; and (x), requiring Miller to faithfully participate in residential treatment in a SAFPF until successfully discharged. The trial court found Miller violated conditions (m), (w), and (x) of his community supervision, granted the State's motion, and revoked Miller's community

supervision. The trial court assessed punishment of ten years' imprisonment and a $1,000 fine. The trial court also ordered Miller to pay $505.52 in court costs.

## Modification of Judgment

In his first point of error, Miller asserts the trial court's judgment should be modified to accurately reflect the trial court's findings as to the conditions of the community supervision violated by Miller. The State alleged Miller violated conditions (h), (j), (k), (m), (n), (w), and (x). The trial court's judgment states:

> The Court FINDS Defendant has violated the conditions of community supervision as set out in the State's ORIGINAL Motion to Revoke Community Supervision as follows:
> See attached Motion to Revoke Community Supervision.

However, the trial court found at the hearing on the motion to revoke that Miller violated conditions (m), (w), and (x).

When there is a conflict between the trial court's oral pronouncement of sentence in open court and the written judgment, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).[1] We may modify a trial court's written judgment to correct the clerical error when we have the necessary information before us to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we resolve Miller's first point of error in his favor and modify the trial court's judgment to reflect the trial court's findings that Miller violated conditions (m), (w), and (x) of his community supervision.

## Court Costs

In his second point of error, Miller requests we reform the trial court's judgment to delete the requirement that he pay court costs because the clerk's record does not contain a bill of costs.

---

[1] *See also Walker v. State*, No. 03-09-00622-CR, 2010 WL 5078229, at *2–3 (Tex. App.—Austin Dec. 8, 2010, no pet.) (mem. op., not designated for publication) (modifying trial court's judgment to reflect trial court's finding of allegation that formed basis of adjudication).

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West. 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id.* art. 103.001.

The clerk's record in this case did not contain a copy of the bill of costs. In light of Miller's specific complaint that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental clerk's record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Miller's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. filed) (citing *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas June 4, 2013, no pet.)). We resolve Miller's second point of error against him.

In response to the Court's order requiring supplementation of the record, Miller filed a motion in which he objects that the bill of costs in the supplemental clerk's record is not a "proper bill of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment.

With respect to his first objection, Miller argues the bill of costs in the record is not a "proper bill of costs" because it is an "unsigned, unsworn computer printout." The code of criminal procedure requires only that a bill of cost be certified and signed "by the officer who charged the cost or the officer who is entitled to receive payment for the cost," "stating the costs

–4–

that have accrued" if the cause is appealed. TEX. CODE CRIM. PROC. ANN. art. 103.001, .006. Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in Miller's case; it is certified and signed by the district clerk. We conclude the supplemental record filed by the clerk meets the mandate of the code of criminal procedure. *See Coronel*, 2013 WL 3874446, at *4.

With respect to his second objection, Miller complains that there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgment. However, there is no requirement that a bill of costs be presented to the trial court at any time before judgment. *Id.* at *5. We deny Miller's motion objecting to the supplemental record.

Finally, we note that in his original brief and his objection to the bill of costs, Miller does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these matters.

The trial court's judgment is affirmed as modified.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120456F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN ARLON MILLER, JR., Appellant

No. 05-12-00456-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas,
Trial Court Cause No. F10-25128-K.
Opinion delivered by Justice Fillmore,
Justices Bridges and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

That section of the trial court's judgment stating:

The Court FINDS Defendant has violated the conditions of community supervision as set out in the State's ORIGINAL Motion to Revoke Community Supervision as follows:

    See attached Motion to Revoke Community Supervision.

is modified to state:

The Court FINDS Defendant has violated conditions of community supervision (m), (w), and (x) as set out in the State's ORIGINAL Motion to Revoke Community Supervision.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 7th day of November, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

–6–