Donnie Joe WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 53128.

Court of Criminal Appeals of Texas.

Nov. 10, 1976.

Jay W. Burnett, Houston, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This proceeding apparently involves appeals from three convictions for aggravated robbery, wherein the punishment assessed was twenty (20) years.

Appellant's court-appointed counsel has filed an appellate brief in which he concluded that the appeals are frivolous and wholly without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1973), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Cr.App.1969), as interpreted in *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974). A copy of counsel's brief has been delivered to the appellant, and the appellant has been advised of his right to inspect the appellate record and his right to file a pro se brief. No pro se brief has been filed.

We have carefully examined the record and find the appeal to be without merit as to one conviction, but conclude that we are without jurisdiction of the other two convictions, if any.

The indictment alleged three offenses of aggravated robbery in three separate counts. The first count alleged that the offense occurred on or about July 17, 1975. The second and third counts alleged those offenses occurred on or about July 19, 1975. Each count reflected different complaining witnesses.

It appears that the indictment was drafted under the provisions of V.T.C.A., Penal Code, §§ 3.01 and 3.02, and Article 21.24, Vernon's Ann.C.C.P., as amended.

Article 21.24, supra, provides in part:

"(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code."

§ 3.01 provides:

"In this chapter, 'criminal episode' means the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)."

§ 3.02 provides in part:

"(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode."

The offense of aggravated robbery is provided for in V.T.C.A., Penal Code, § 29.03, which is found in Title 7 of said code.

On October 6, 1975, prior to trial, the court inquired if the State desired to elect which count upon which it would proceed and the prosecutor answered, "all three counts." The appellant then entered a plea of nolo contendere and was duly and carefully admonished by the trial court in accordance with Article 26.13, Vernon's Ann. C.C.P. The evidence was in the form of written stipulations, which include written "judicial confessions" to each of the alleged offenses. At the conclusion of the trial the court assessed punishment at twenty (20)

years for "aggravated robbery." Whether the court intended to find the appellant guilty of all three counts or only one count is not clear from the statements found in the transcription of the court reporter's notes. The single judgment found in the record referring only to a single conviction for aggravated robbery does little to clarify the situation except that it contains a finding that the offense of aggravated robbery mentioned therein occurred on July 17, 1975. This leads to the conclusion that the conviction was based on the first count of the indictment in light of the date of the offense alleged in the first count of the indictment and the date reflected in appellant's judicial confession to the first count.

We observe further that there is only one sentence in the record which was pronounced eleven days after trial. V.T.C.A., Penal Code, § 3.03 provides:

"When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, *sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.*" (Emphasis Supplied.)

■ The judgment of conviction for aggravated robbery based on the first count of the indictment can be affirmed. If this cause can also be interpreted as attempted appeals from the other convictions, if any,[1] this court is without jurisdiction as neither a judgment nor a separate sentence was entered in connection therewith. Until the record properly reflects formal sentences for the offenses contained in the second and third counts of the indictment charged under the "criminal episode doctrine," we have no jurisdiction of the appeal of these two counts. See Articles 42.02 and 42.04, Vernon's Ann.C.C.P.; *Baker v. State*, 491 S.W.2d 887 (Tex.Cr.App.1973).

■ If proper sentences were in fact pronounced in the case regarding the second and third counts but there was a failure to enter such sentences, they may be entered nunc pro tunc. Article 42.06, Vernon's Ann.

C.C.P. If, on the other hand, sentences were never properly pronounced, the trial court may now pronounce sentences and an appeal may be taken therefrom if appellant so desires. See *DeMary v. State*, 423 S.W.2d 331 (Tex.Cr.App.1968); *Clemons v. State*, 414 S.W.2d 940 (Tex.Cr.App.1967); *Savant v. State*, 535 S.W.2d 190 (Tex.Cr.App.1976); *Matheson v. State*, 492 S.W.2d 273 (Tex.Cr.App.1973).

The judgment of the conviction as to the first count of the indictment is affirmed. The attempted appeals, if any, from the second and third counts are dismissed.

---

1. The State has filed no brief in this cause, so the State's position is not known.