Alvin Houston THOMPSON, Appellant,

v.

The STATE of Texas.

No. 1833–02.

Court of Criminal Appeals of Texas.

June 11, 2003.

Dean M. Swanda, Arlington, for Appellant.

Tanya S. Dohoney, Asst. DA, Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## OPINION

COCHRAN, J., delivered the opinion of the Court, in which KELLER, P.J., MEYERS, PRICE, WOMACK, JOHNSON, HERVEY and HOLCOMB, J.J., joined.

This case concerns the scope of appellate review when an appeals court has jurisdiction over one conviction of a two-count indictment, but does not have jurisdiction over the second count because the defendant was never sentenced on that count.[1] We conclude that the court of

---

**1.** We granted five of appellant's grounds for review:

1) The court of appeals erred in assuming jurisdiction over petitioner's first count and dismissing petitioner's second count for want of jurisdiction for lack of a sentence because there was only one judgment, and the court of appeals treated that judgment as both a final and an interlocutory judgment simultaneously; petitioner contends the judgment was either final or interlocutory but not both; accordingly, the court of appeals should have either dismissed both counts because the judgment was interlocutory or assumed jurisdiction over both counts because the judgment was final and reversed the second count for the reasons set out in petitioner's first issue.

2) The court of appeals erred in addressing the merits of petitioner's second issue attacking the legal sufficiency of the evidence on the first count because the judgment was interlocutory.

3) The court of appeals erred in addressing the merits of petitioner's fourth issue attacking the factual sufficiency of the evi-

appeals correctly dismissed the appeal on the second count while it addressed the merits of appellant's claims on the first count.[2]

## I.

A jury convicted appellant of one count of sexual assault of a child and one count of indecency with a child. Both of these offenses were charged in a single indictment. After the jury returned its verdicts, the trial court ordered the preparation of a Preliminary Sentence Investigation ("PSI") and postponed sentencing for three months to obtain that report. At the sentencing hearing, appellant pleaded true to a burglary of a building enhancement paragraph. The trial judge then orally pronounced a sentence of thirty years on the sexual assault of a child count. He did not orally pronounce any sentence on the indecency with a child count. No one— neither appellant, nor his attorney, nor the prosecutor—objected to or apparently noticed this omission.[3] The written judgment, however, states that appellant was sentenced to thirty years each on *both* the sexual assault and the indecency counts. Therefore, the written judgment is inaccurate because it shows that appellant was sentenced for both offenses when he was actually sentenced only for the sexual assault offense.

On appeal, appellant noticed the conflict between the oral pronouncement of sentence upon just one count and the written judgment, which contained sentences for both counts. In his appellate brief, he requested relief:

> Appellant maintains there is nothing to support the thirty-year sentence in count two of the judgment, that the thirty-year sentence is not authorized by the [*sic*] what occurred at the punishment hearing, that the thirty-year sentence is, therefore, void, and that the judgment fails to speak the truth.... Appellant asks that the judgment be vacated and the cause remanded so that the court can assess a proper sentence for count two.... The trial court assessed punishment for only one of the two offenses, but the judgment incorrectly reflects the same punishment for both counts. Appellant should not be saddled with a thirty-year sentence on count two when the record shows the trial court never assessed any sentence whatsoever on count two and when count two logically would not merit as harsh a punishment as count one.

The court of appeals agreed with appellant's position and granted him relief, but not precisely the type of relief that he now urges before this Court. The court of appeals dismissed appellant's appeal on the indecency with a child count for want of jurisdiction, but considered and rejected appellant's legal and factual sufficiency of the evidence claims concerning his conviction for sexual assault of a child.[4] We granted review.

dence on the first count because the judgment was interlocutory.

4) The court of appeals erred in not addressing the merits of petitioner's third issue attacking the legal sufficiency of the evidence on the second count because the judgment was final.

5) The court of appeals erred in not addressing the merits of petitioner's fifth issue attacking the sufficiency of the evidence on the second count because the judgment was final.

2. *Thompson v. State,* 85 S.W.3d 415 (Tex. App.-Fort Worth 2002).

3. Appellant filed a motion for new trial but did not complain about the trial court's failure to sentence him on count two.

4. 85 S.W.3d at 420. The Fort Worth Court of Appeals concluded:

> Having overruled Appellant's second and fourth issues on appeal, we affirm the trial court's judgment for the offense of sexual

## II.

■ When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls.[5] The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced.[6] In this case, however, there was no oral pronouncement of *any* sentence on the second count. Thus, the conflict in this case is between "no sentence" and a "thirty years" sentence.

Quite simply, appellant was never sentenced on the second count. The trial court made a mistake in entering a sentence of thirty years in the written judgment. Because no sentence was ever rendered,[7] there is no valid judgment on the indecency with a child count.[8] Without a valid written judgment, there is no "conviction" for appellant to appeal.

This is precisely what appellant argued in his brief to the court of appeals. The State agreed with appellant's position, and the court of appeals did also. The result, therefore, was that the court of appeals did not have jurisdiction to consider the merits of the complaints concerning the indecency with a child offense.

The appellant, however, objects to the remedy chosen by the court of appeals. He asserts that the court of appeals erred, as a matter of law, by dismissing the appeal on the indecency with a child count while considering the appeal on the sexual assault of a child count. He contended in the court of appeals that the only proper solution was to dismiss the appeal on *both* counts and remand them both to the trial court. In this Court, he contends that the court of appeals should have *either* remanded both counts *or* asserted jurisdiction over both counts.[9] It should be noted that we need not address the question of

---

abuse of a child. However, because the trial court did not pronounce sentence for the indecency offense, we lack jurisdiction to hear Appellant's appeal from his conviction on that offense and, consequently, dismiss for want of jurisdiction his appeal from the offense of indecency with a child.

**5.** See *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex.Crim.App.2002); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App.1998).

**6.** See *id.*

**7.** See *Jones v. State*, 795 S.W.2d 199, 201 (Tex.Crim.App.1990) (discussing distinction between "rendition" of sentence and judgment and "entry" of judgment in written form).

**8.** Tex.Code Crim. Proc. art. 42.01, § 1 ("[a] judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment"); Tex.Code Crim. Proc. art. 42.02

("[t]he sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law"); see *Coffey*, 979 S.W.2d at 328 ("it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it"); *Ex parte Kopecky*, 821 S.W.2d 957, 960 (Tex. Crim.App.1992) ("[p]unishment and sentence are incorporated in the judgment"; a "sentence is a necessary component of a 'judgment of conviction.' ")(quoting *Ball v. United States*, 470 U.S. 856, 862, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)); *Jones v. State*, 795 S.W.2d at 202.

**9.** Appellant now argues exactly the opposite of what he claimed in the court of appeals. There he argued that the written judgment on the second count was void and therefore had no legal effect. He now claims that the written judgment on the second count is merely voidable and, therefore, "[f]inding the written judgment final allows the court of appeals to assume jurisdiction over both counts and address the merits of both counts."

whether there is only *one* proper remedy for this situation; it is enough to determine whether the court of appeals chose *a* proper remedy.

## III.

■ The crux of the matter is whether a court of appeals may address the merits of one portion of an appeal—the portion over which the appellate court does have jurisdiction—while simultaneously dismissing another portion of the appeal for lack of jurisdiction. Because there is nothing in our law that prohibits such action and much that supports it, we hold that it may do so.

In *White v. State*,[10] this Court faced an analogous situation and resolved it in the same manner that the court of appeals has resolved this case. The defendant in *White* was charged with three separate counts of robbery in one indictment.[11] The State proceeded on all three counts, the defendant pleaded *nolo contendere,* and the trial judge assessed punishment for twenty years.[12] However, "[w]hether the court intended to find the appellant

guilty of all three counts or only one count is not clear from the statements found in the transcription of the court reporter's notes."[13] The defendant's appellate counsel filed an *Anders*[14] brief, concluding that any appeal was frivolous.[15] This Court agreed and found "the appeal to be without merit as to one conviction, but conclude that we are without jurisdiction of the other two convictions, if any."[16] Thus, "[u]ntil the record properly reflects formal sentences for the offenses contained in the second and third counts of the indictment ..., we have no jurisdiction of the appeal of those two counts."[17] This Court explained that if sentences on those two counts had actually been pronounced, the judgment could be corrected *nunc pro tunc* to reflect that fact; "[i]f on the other hand, sentences were never properly pronounced, the trial court may now pronounce sentences and an appeal may be taken therefrom if appellant so desires."[18]

In *White,* as in the present case, the appellate court affirmed the valid conviction and dismissed the attempted appeals of the counts for which there was no valid

---

10. 543 S.W.2d 130 (Tex.Crim.App.1976).

11. *Id.* at 131.

12. *Id.* at 131–32.

13. *Id.* at 132.

14. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

15. *White,* 543 S.W.2d at 131.

16. *Id.*

17. *Id.* at 132; *see also Small v. State*, 38 S.W. 798, 799 (1897) (when record does not show sentence was properly pronounced or judgment does not reflect sentence on particular count, appeal is dismissed).

18. *Id.* Appellant complains that, under the court of appeals' decision, the second count, indecency with a child, is left hanging in

appellate limbo. Not so. Our discussion in *White* spells out the appropriate resolution of that count. While the conviction in count one will become final when the mandate issues, jurisdiction over the second count will immediately return to the trial court. The judge may then orally pronounce an appropriate sentence for count two and enter it in a written judgment. The original, erroneous, judgment may be corrected by a *nunc pro tunc* order. The date of that second sentencing then begins the appellate timetable should appellant wish to appeal any issues relating to that second count. *Id.; see* Tex.R.App. P. 23.1 (stating that "a failure to render judgment and pronounce sentence may be corrected at any time by the court's doing so"); *see also DeMary v. State*, 423 S.W.2d 331, 333 (Tex. Crim.App.1967) (setting out procedure when appeal is dismissed because record fails to show sentence).

judgment.[19] The only difference between *White* and the present situation is that, in the former case, there was neither a written judgment nor testimony in the record supporting a sentence for the second and third counts. Here, there is a written judgment, but it is not supported by the record of the oral sentencing proceeding.

Appellant now argues that we could nonetheless treat both counts as final because "[t]he written judgment shows the trial court assessed punishment and sentenced petitioner on both the first and second counts." If this were a civil judgment, appellant contends, it would be presumed that the written judgment is correct.[20] The same presumption may operate in criminal cases, but where, as here, the defendant affirmatively shows that the written judgment is *not* correct, that presumption disappears.[21]

Appellant also contends that the court of appeals improperly ruled that "the written judgment was simultaneously final and interlocutory[,]" because, he argues, "the concepts of a final judgment and an interlocutory judgment are mutually exclusive." However, the court of appeals did not state, or even suggest, that the judgment on the second count was an interlocutory one. Rather, the court stated that the written judgment on count two was a nullity because the trial court failed to orally pronounce any sentence to support its written entry.[22] A null judgment is not at all the same thing as an interlocutory judgment which is valid but does not expressly dispose of all issues or all parties.[23]

---

**19.** *White,* 543 S.W.2d at 132; *see also Parks v. State,* 553 S.W.2d 114, 115 (Tex.Crim.App. 1977) (following *White;* defendant convicted of two counts of robbery, but sentenced only on one count; judgment on first count affirmed, appeal on second count dismissed; noting that trial court could enter sentence and defendant could then appeal on second count); *Harmon v. State,* 889 S.W.2d 521, 523 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd) (following *White* and holding that proper sentence was assessed on only first count of five-count indictment and jury verdicts; thus appellate court reviewed sufficiency of evidence claims relating to first count and dismissed appeal on all other counts).

**20.** *See North East Ind. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex.1966) ("when a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits ... it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleading between such parties").

**21.** *See id.* at 898 (presumption operated "in the absence of a contrary showing in the record").

**22.** As appellant correctly notes, this Court has long held that a criminal defendant's appeal must be dismissed when "the required sentence did not appear in the record." *Woods v. State,* 532 S.W.2d 608, 610 (Tex.Crim.App. 1976); *Reagan v. State,* 594 S.W.2d 71, 71 (Tex.Crim.App.1980) (op. on reh'g); *Clemons v. State,* 414 S.W.2d 940, 940 (Tex.Crim.App. 1967) (per curiam).

**23.** *See, e.g., Garrison v. Texas Commerce Bank,* 560 S.W.2d 451, 456 (Tex.App.-Houston [1st Dist.] 1977, writ ref'd n.r.e.) (judgment that does not expressly dispose of all issues raised by the pleadings and does not purport to do so is interlocutory); *Hewitt v. Nielsen,* 553 S.W.2d 248, 249–50 (Tex.App.-Austin 1977, no writ) ("[a] judgment is interlocutory when it determines less than all issues as to all parties ... The ultimate determination of whether a judgment is interlocutory depends on whether the judgment leaves any issues remaining which require judicial examination or re-examination"). Here, the judgment *appears* to be final on its face and does not expressly leave any issue undetermined. However, the record from the sentencing hearing shows that the judgment, though appearing to be a final one, was erroneously entered. Thus, this is not an interlocutory judgment on count two, but rather it is a improper final judgment.

Finally, appellant argues that reaching the merits of his appeal of one count while dismissing the appeal of the second count is a time-consuming and inefficient use of judicial resources. True enough, but it is better than the alternative of altogether ignoring his legitimate complaint concerning the failure to pronounce sentence on the second count. Furthermore, there is nothing to be gained by refusing to address the merits of his appeal on the first count, which is final. Had the court of appeals determined that the evidence supporting the sexual assault were either legally or factually insufficient, appellant surely would not want that appellate relief intentionally delayed simply because the sentence on the second count had not yet been pronounced.[24]

In sum, we conclude that the court of appeals properly exercised jurisdiction over appellant's conviction for sexual assault and appropriately addressed the merits of that appeal. It correctly dismissed the appeal over the second count for want of jurisdiction. We therefore affirm the court of appeals.

KEASLER, J., concurred in the judgment.

---

**24.** Appellant argues that the court of appeals could have simply declined to examine his complaints concerning the first count and summarily dismissed the entire appeal even though the first count was a final conviction, ripe for review. But appellant does not explain the jurisprudential or social value in delaying justice on one conviction merely because a second conviction is not ripe for review. If a defendant's claims are without merit, one could understand a personal interest in delay, but if those claims are meritorious, we would be hard pressed to explain why delay in granting justice on one invalid conviction is a preferred course of conduct simply because the trial court erred in failing to pronounce sentence on another count.