# NO. 12-10-00271-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AMBER C. GILBERT,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Amber C. Gilbert appeals her conviction for driving while intoxicated with a child passenger. In her sole issue on appeal, Appellant argues that the trial court's judgment should be reformed to accurately reflect the proceedings below. We modify the judgment and affirm as modified.

### BACKGROUND

Appellant was indicted in January 2007 for the offense of driving while intoxicated with a child passenger. Following an open plea of guilty to the trial court, Appellant was sentenced to two years of imprisonment and ordered to pay a fine of $10,000.00. Appellant's sentence was suspended, and she received three years of community supervision. Additionally, $9,000.00 of her fine was suspended.

In July 2010, the State filed an application to revoke Appellant's community supervision, alleging six violations of her community supervision terms and conditions. Three of the alleged violations were that Appellant possessed and used cocaine during the supervision period. The remaining three were that Appellant failed to pay the supervision fee, the court costs, and the portion of the fine that was not suspended under the conditions and terms of her community supervision.

Appellant pleaded "NOT TRUE" to the three allegations related to her alleged possession and

use of cocaine, but pleaded "TRUE" to the three "failure to pay" allegations.   After a hearing, the trial court revoked Appellant's community supervision and she was sentenced to twelve months of confinement.   The trial court's judgment states that Appellant pleaded "TRUE" to the allegations in the State's application to revoke Appellant's community supervision.

## JUDGMENT

Appellant asks that we reform the trial court's judgment to accurately reflect the proceedings at trial.   The State has joined Appellant in this request.

As noted above, the State alleged six violations of Appellant's community supervision. Appellant pleaded "TRUE" to the three failure to pay allegations, and "NOT TRUE" to the three alleged possession and use of cocaine violations.   However, the trial court's written judgment incorrectly states that Appellant pleaded "TRUE" to all six alleged violations.

We have the authority to reform a judgment to make the record speak the truth.   *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); *see also **Thompson v. State***, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).   The Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of the trial court.   TEX. R. APP. P. 43.2.   Therefore, we sustain Appellant's sole issue.

## DISPOSITION

We *modify* the trial court's judgment to reflect that Appellant pleaded "TRUE" to the failure to pay her supervision fee, court costs, and the unsuspended portion of her fine, and that she pleaded "NOT TRUE" to the three allegations related to her alleged use and possession of cocaine.   As *modified*, we *affirm* the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered January 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2