IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,783-01






EX PARTE LESTER RAINWATER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HENDERSON COUNTY






 Johnson, J., filed a concurring statement in which Price, Hervey, and
Cochran, JJ., joined.



C O N C U R R I N G S T A T E M E N T



 Applicant contends that he was denied his right to appeal because the trial court failed to
advise him of his right to appeal and his trial counsel did not file a notice of appeal. However, those
failures, if in fact they were failures, occurred because applicant plead guilty, was released to appear
for sentencing, and then failed to appear. The trial court assessed punishment in absentia, and when
applicant was returned to custody, he was sent to prison without having sentence pronounced in his
presence. 

 The trial court in this case found that applicant was sentenced in accordance with Texas Code
of Criminal Procedure arts. 42.03, § 1(a) and 42.14(b)(4), (b)(5). It mistakenly relied on the version
of art. 42.14 that went into effect on September 1, 2009, instead of the version that was in effect at
the time of the applicant's sentencing on January 8, 2007. That version specifically applied only to
misdemeanors: "The judgment and sentence in a misdemeanor case may be rendered in the absence
of the defendant." In 2007, that was the complete text of the article.

 Our case law provides that, if sentence should have been, but was not, pronounced in the
defendant's presence, appellate courts do not have jurisdiction to review the case because "it is the
pronouncement of sentence that is the appealable event . . .." Coffey v. State, 979 S.W.2d 326, 328
(Tex. Crim. App. 1998); see also Thompson v. State, 108 S.W.3d 287, 291-92 (Tex. Crim. App.
2003). Because this Court does not have jurisdiction, the cause must be dismissed.

 Applicant is not without a remedy, however. He may file an application for a writ of
mandamus that asks that the trial court be ordered to sentence applicant in applicant's presence. 
Once that "appealable event" occurs, he may file a notice of appeal and enter the appellate process.


Filed: September 14, 2011

Do not publish