

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00128-CR
No. 07-13-00380-CR
_____

**DAVID WAYNE KERR, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 21,768-B; Honorable John B. Board, Presiding

November 25, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On January 19, 2012, pursuant to a single, two-count indictment in cause number 21,768-B, the trial court entered two separate orders placing Appellant, David Wayne Kerr, on eight years deferred adjudication community supervision for the offense of aggravated sexual assault.[1]  A year later, by a single motion designating the original

---

[1] TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014).  Count I alleged digital penetration, whereas Count II alleged penile penetration.  The indictment alleged an offense punishable in a manner

cause number, but not differentiating as to Count I or Count II, the State moved to proceed with adjudication and revoke community supervision alleging eight violations of the terms and conditions thereof. Following an agreed-to, non-bifurcated hearing on the State's motion, the trial court found Appellant had violated the terms and conditions of his community supervision and without specifying a count or counts, globally pronounced a seventy-five year sentence. The trial court then entered two separate judgments adjudicating Appellant's guilt as to each count, both assessing a seventy-five year sentence.

By a single amended notice of appeal, Appellant indicated his wish to appeal "the judgment or other appealable order in this cause . . . ." The appeal was originally assigned cause number 07-13-00128-CR. By a single issue, Appellant alleged the two separate judgments were void due to violations of due process and equal protection of law. In response, the State moved to abate this appeal and remand the matter to the trial court for further proceedings. The State's motion was denied and the two separate judgments were assigned separate appellate cause numbers: 07-13-00128-CR for Count I and 07-13-00380-CR for Count II. As to each count, we now reverse and remand.

---

described by Subsection (f)(1) (minimum term of imprisonment of 25 years).

Pursuant to a plea bargain, the indictment was amended to allege an offense punishable in a manner described by Subsection (e) (minimum term of imprisonment of 5 years). A judge may place a defendant on deferred adjudication for an offense punishable in a manner described by Subsection (e), only if the judge makes a finding in open court that placing the defendant on community supervision is in the best interest of the victim.

BACKGROUND

At the commencement of the hearing on the State's motion to proceed,[2] the trial court called "Cause Number 21,768-B."  Counts I and II were not separately called.  Defense counsel announced Appellant was proceeding without a plea bargain.  The trial court then asked for a plea in each of the eight allegations alleged by the State and Appellant entered six pleas of true and two pleas of not true.  Evidence was then presented in support of the State's allegations.

After both sides rested and delivered closing arguments, the trial court announced the following:

> I do accept [Appellant's] pleas of true to allegations 2, 3, 4, 6, 7, and 8.  I do find the evidence is sufficient to sustain a finding of true to those allegations.  I do also find that the evidence is sufficient to sustain a finding of true to allegations 1 and 5, and I also find those allegations to be true.
>
> I will take judicial notice of the allegations contained in the indictment to which [Appellant] did plead guilty in front of Judge Anderson on January 19, 2012, and sentence him to 75 years . . . .[3]

The trial court did not announce an adjudication of guilt on either count nor did it specify to which count the sentence applied.

---

[2] Although there were separate orders of deferred adjudication specifying individual count numbers, the State's motion to "revoke" did not make reference to which order the allegations applied.

[3] It should be noted that although the "Felony Plea Memorandum" filed in conjunction with Appellant's original plea indicated the agreement was to enter a plea to an "amended indictment" for an offense punishable pursuant to Subsection (e) (*See* fn. 1), the original indictment was not altered and no amended indictment appears of record.  Because the judge who originally heard Appellant's plea was not the same judge presiding at the adjudication hearing, we are unable to determine with certainty just what allegations the judge presumed he was taking judicial notice of.

Appellant filed a single brief bearing appellate cause number 07-13-00128-CR. By his sole issue, he contends the trial court abused its discretion by issuing two written judgments specifying two sentences on a two-count indictment when the trial court pronounced a "global sentence" in a non-bifurcated hearing without specifying to which count or counts the seventy-five year sentence applied. In response, the State filed a *Motion to Abate and Remand* urging the trial court's error could be corrected by remanding the cause for imposition of sentences on both counts. *See* TEX. R. APP. P. 44.4. The motion was denied, and this Court *sua sponte* severed the appeal into two separate appeals, one as to each judgment. The judgment on Count II was assigned appellate cause number 07-13-00380-CR. *See Kerr v. State*, No. 07-13-00128-CR, 2013 Tex. App. LEXIS 14084, at *2 (Tex. App.—Amarillo Nov. 13, 2013, order).

The State then filed two separate briefs in response to Appellant's arguments. In cause number 07-13-00128-CR, the appeal from Count I, the State maintains this Court's severance of the two judgments makes the judgment on Count I "definite, free of error and correct in all things." In cause number 07-13-00380-CR, the appeal from Count II, the State argues this Court is without jurisdiction to entertain the appeal because sentence was not pronounced in Appellant's presence and requests abatement for a new sentencing hearing.

STANDARD OF REVIEW—DECISION TO ADJUDICATE

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). When reviewing an order revoking community supervision imposed

4

under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

ANALYSIS

Section 3.03 of the Texas Penal Code provides that when the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense shall be pronounced. TEX. PENAL CODE ANN. § 3.03 (West 2011). Article 42.03, section 1(a) of the Texas Code of Criminal Procedure provides that sentence shall be pronounced in the defendant's presence. The pronouncement of sentence is the appealable event whereas the written judgment simply memorializes the oral sentence and should comport with its terms. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

Appellant argues the trial court's failure to orally pronounce on which count or counts he was being sentenced renders the judgments vague and void. He requests both judgments be reversed and remanded to the trial court for a new hearing. We agree.

Relying on *Robinson v. State*, 553 S.W.2d 371, 372 (Tex. Crim. App. 1977), *Murray v. State*, 108 S.W.3d 703, 706 (Tex. App.—Dallas 2010, pet ref'd), and *Harmon v. State*, 889 S.W.2d 521, 523 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd), the State defends the sentence on Count I by arguing the "carving doctrine." The doctrine "allows a prosecutor to carve as large an offense out of a single transaction as he can,

5

yet he must cut only once." *Ex parte Cantrell*, 580 S.W.2d 369, 370 n.1 (Tex. Crim. App. [Panel Op.] 1979); *Owens v. State*, 851 S.W.2d 398, 400 (Tex. App.—Fort Worth 1993, no pet.). In instances where two convictions occurred at the same time based on the same evidence and the carving doctrine renders one invalid, the conviction with the lower numbered indictment is the presumptively valid one. *Robinson*, 553 S.W.2d at 372. The carving doctrine, however, was abandoned in 1982 in *Ex parte Williams*, No. 03-02-00171-CR, 634 S.W.2d 815, 822 (Tex. Crim. App. 1982) (opinion on reh'g). *See Murphy v. State*, 2002 Tex. App. LEXIS 7551, at *7-8 (Tex. App.—Austin Oct. 24, 2002, pet. denied) (mem. op., not designated for publication).

The State acknowledges the record does not support a pronouncement of sentence in Appellant's presence as to Count II and argues this Court has no jurisdiction over that judgment. The State requests either dismissal of the judgment in Count II or abatement of the appeal and a remand to the trial court for a sentencing hearing in Count II. Because the carving doctrine has long since been abandoned, we disagree with the State's analysis of these appeals.

Appellant directs us to *White v. State*, 543 S.W.2d 130, 131-32 (Tex. Crim. App. 1976), in which the appellant was convicted of aggravated robbery pursuant to a three-count indictment and sentenced to twenty years confinement. The first count alleged the offense occurred on or about July 17, 1975. The second and third counts alleged those offenses occurred on or about July 19, 1975. The record contained a single judgment referring only to a single conviction with a finding that the offense occurred on July 17, 1975. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1973), determining the appeal was frivolous.

6

In its independent review of the record, the Court determined the appeal was without merit as to one conviction and there was no jurisdiction to review the other two convictions, if any. *White*, 543 S.W.2d at 131. The Court determined the inclusion in the judgment that the offense occurred on July 17, 1975, led to the conclusion that the conviction was based on the first count of the indictment. *Id.* at 132. The Court concluded that until the record reflected proper sentences on counts two and three, there was no jurisdiction over those counts. *Id.*

Appellant distinguishes *White* and points out that in the instant appeals, we are unable to identify through a review of the record a connection to either of the two counts. Both counts contain the same date of offense—on or about August 23, 2005, and both counts involve the same victim. Neither can we identify a specific count on which sentence was pronounced. Not only does the record before us lack specificity on which count Appellant was sentenced, the record also lacks specificity on the trial court's adjudication of guilt as to either Count I or Count II.

In *Thompson v. State*, 108 S.W.3d 287 (Tex. Crim. App. 2003), the defendant was charged in a single indictment with one count of sexual assault of a child and one count of indecency with a child. The trial court did not pronounce sentence on the count for indecency with a child and entered one judgment reflecting a thirty year sentence on both counts. When no sentence is pronounced, there is no valid judgment or conviction from which to appeal. *Id.* at 290. The Court of Criminal Appeals determined the appellate court properly dismissed the appeal of the count for indecency for lack of jurisdiction. *Id.* at 289.

7

We distinguish *Thompson* and *White* under the unique facts of the case before us. The pronouncement of sentence is the appealable event. *Coffey*, 979 S.W.2d at 328. In the underlying proceedings, the trial court pronounced a seventy-five year sentence, reflected in two judgments, and Appellant perfected an appeal from that event. The distinguishing factor in this case is the inability to determine to which count the sentence applies. We will not presume nor speculate that the trial court intended to pronounce sentence on a particular count and we cannot simply make that decision for the trial court. Consequently, disposition of these appeals requires reversal of both judgments and a remand for further proceedings. Appellant's issue is sustained.

CONCLUSION

The trial court's judgments are reversed and the cause is remanded for a new hearing on the State's motion to proceed with adjudication.

Patrick A. Pirtle
Justice

Do not publish.