

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00079-CR

FELLISIA MESHAUN FORD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 15-0398X

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

On May 11, 2016, Fellisia Meshaun Ford was placed on deferred adjudication community supervision for the offenses of assault on a public servant causing bodily injury[1] and evading arrest or detention using a vehicle,[2] both third-degree felonies.  Subsequently, Ford pled true to two violations of her community supervision conditions alleged in the State's motion to adjudicate guilt.  At the conclusion of the hearing on the motion, the trial court found one of the alleged violations true, revoked Ford's community supervision, found her guilty of the original charges, and sentenced her to nine years' imprisonment.  This appeal followed.

Ford's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal.  Counsel has filed a brief pursuant to *Anders v. California* and has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced.  *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

However, the record in this case shows that although the trial court found Ford guilty on both counts charged in the indictment, it sentenced Ford to a single sentence of nine years'

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2018).

[2]*See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2017).

imprisonment, but also stated that "[t]hese will run concurrent." The judgment entered by the trial court also reflects a single, nine year sentence for both offenses and states that "BOTH COUNTS RUN CC." The Texas Penal Code requires that when a defendant "is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced." TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2018); *White v. State*, 543 S.W.2d 130, 132 (Tex. Crim. App. 1976). Further, the trial court is required to pronounce sentence orally in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West 2018); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "[I]t is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Madding*, 70 S.W.3d at 135 (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)). Further, when the trial court fails to pronounce sentence on a charged offense, an appellate court is without jurisdiction to hear an appeal on that conviction. *See Thompson v. State*, 108 S.W.3d 287, 293 (Tex. Crim. App. 2003); *White*, 543 S.W.2d at 132; *Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, pet. ref'd).

In this case, since the trial court pronounced sentence on an offense, we would have jurisdiction over one of the convictions, but do not have jurisdiction over the conviction for which a sentence was not pronounced. *White*, 543 S.W.2d at 132. However, since the trial court found Ford guilty of both offenses and pronounced only one sentence, we are unable to determine which conviction received the sentence. In *Keys*, the trial court failed to pronounce sentence on the

3

charged offense. This Court declined to dismiss Keys' appeal for lack of jurisdiction. Instead, we abated the matter to the trial court to orally pronounce sentence in Keys' presence in reliance on Rule 44.4 of the Texas Rules of Appellate Procedure, finding that "Rule 44.4 directs us, in this circumstance in which the error can be corrected by the trial court, not to dismiss, but first to direct that the trial court take the corrective action and then, once the error has been corrected, to address the other issues on appeal."[3] *Keys*, 340 S.W.3d at 529 (citing TEX. R. APP. P. 44.4).

Consequently, we abate this cause to the trial court for a sentencing hearing at which the trial court shall (1) orally pronounce Ford's guilt with respect to each charge and (2) orally pronounce her sentence on each charge in Ford's presence. The sentencing hearing is to be conducted within thirty days of the date of this order. The reporter's record of the hearing shall be filed in the form of a supplemental reporter's record within twenty days of the date of the hearing, together with a supplemental clerk's record containing the trial court's judgments.

Because the trial court, by pronouncing guilt and imposing the sentences in Ford's presence, is correcting a jurisdictional error, the judgments issued following the sentencing hearing

---

[3]Rule 44.4 provides:

> (a)    Generally.  A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
>
> > (1)    the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
> >
> > (2)    the trial court can correct its action or failure to act.
>
> (b)    Court of Appeals Direction if Error Remediable.  If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4.

4

shall not be judgments nunc pro tunc. Instead, they will be the only valid judgments in this case. Consequently, the judgments shall properly reflect the date sentence is imposed as the date the trial court orally pronounces guilt and orally imposes sentence in each matter. Because Ford has been incarcerated since April 9, 2018, the trial court is directed to credit Ford, in each of the judgments, with all time served from and including April 9, 2018, through the date the sentences are imposed.

All appellate timetables are stayed and will resume on our receipt of the supplemental records. On reinstatement, this Court will consider the merits of Ford's brief.

IT IS SO ORDERED.

BY THE COURT

Date: October 18, 2018