

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00079-CR

FELLISIA MESHAUN FORD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 15-0398X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

In May 2016, Fellisia Meshaun Ford was placed on deferred adjudication community supervision for the offenses of assault on a public servant and evading arrest in a vehicle, both third degree felonies.[1]  Subsequently, Ford pled true to two violations of her community supervision conditions alleged in the State's motion to adjudicate, and her plea was accepted.  At the conclusion of the hearing on the motion, the trial court found one of the alleged violations true, revoked Ford's community supervision, found her guilty of the original charges, and sentenced her to nine years' imprisonment.  This appeal followed.

Ford's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal.  Counsel has filed a brief pursuant to *Anders v. California* and has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced.  *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel sent a copy of the clerk's record, a copy of the reporter's record, and a copy of the brief to Ford, advised Ford of her right to review the record and file a pro se response, and advised her of the deadline to file her response.  This Court forwarded its order to Ford setting

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2018), § 38.04(b)(2)(A) (West 2016).

September 20, 2018, as the deadline for the filing of her pro se response. Ford has filed neither a pro se response nor a motion requesting an extension of time in which to file such a response.

In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). In our review of the record in this case, we noted that although the trial court found Ford guilty of both counts, it pronounced but one sentence of nine years. The original judgment of conviction also reflects a single, nine-year sentence for both counts. The Texas Penal Code requires that when a defendant "is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced." TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2018); *White v. State*, 543 S.W.2d 130, 132 (Tex. Crim. App. 1976). Further, the trial court is required to pronounce sentence orally in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West 2018); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "[I]t is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Madding*, 70 S.W.3d at 135 (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)). Further, when the trial court fails to pronounce sentence on a charged offense, an appellate court is without jurisdiction to hear an appeal on that conviction. *See Thompson v. State*, 108 S.W.3d 287, 293 (Tex. Crim. App. 2003); *White*, 543 S.W.2d at 132; *Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, order).

3

In this case, since the trial court pronounced a sentence on an offense, we originally had jurisdiction over one of the convictions, but did not have jurisdiction over the conviction for which a sentence was not pronounced. *See White*, 543 S.W.2d at 132. However, since the trial court found Ford guilty of both offenses and pronounced only one sentence, we were unable to determine which conviction received the sentence. In *Keys*, the trial court failed to pronounce sentence on the charged offense. This Court declined to dismiss Keys' appeal for lack of jurisdiction. Instead, we abated the matter to the trial court to orally pronounce sentence in Keys' presence in reliance on Rule 44.4 of the Texas Rules of Appellate Procedure, finding that "Rule 44.4 directs us, in this circumstance in which the error can be corrected by the trial court, not to dismiss, but first to direct that the trial court take the corrective action and then, once the error has been corrected, to address the other issues on appeal."[2] *Keys*, 340 S.W.3d at 529 (citing TEX. R. APP. P. 44.4).

We abated this case to the trial court to orally pronounce guilt and a sentence in each count in Ford's presence and to enter a new judgment of conviction reflecting the date sentence was imposed as the date the trial court orally pronounced guilt and orally imposed sentence in each

---

[2]Rule 44.4 provides:

> (a)    *Generally*. A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
>
>> (1)    the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
>>
>> (2)    the trial court can correct its action or failure to act.
>
> (b)    *Court of Appeals Direction if Error Remediable*. If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4.

count. We have received a supplemental reporter's record and a supplemental clerk's record showing that on December 5, 2018, the trial court held a hearing in Ford's presence in which it pronounced Ford guilty of assault on a public servant and of evading arrest with a vehicle and assessed punishment of nine years' imprisonment on each count, with the sentences to run concurrently.

With the receipt of the supplemental record in this case, we have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *See id.*

We affirm the trial court's judgment.[3]

Bailey C. Moseley
Justice

Date Submitted:    December 6, 2018
Date Decided:    December 20, 2018

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.