# NO. 12-20-00277-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GARRETT WAYNE BUTTRAM,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Garrett Wayne Buttram appeals the trial court's judgment adjudicating him guilty of state jail felony possession of a controlled substance. In his sole issue, Appellant contends that we must correct a clerical error in the judgment. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with possession of cocaine in an amount of less than one gram. Pursuant to a plea bargain agreement, he pleaded "guilty," and the trial court deferred a finding of guilt and placed him on community supervision for a term of three years. Subsequently, the State filed a motion to proceed with an adjudication of guilt, alleging in paragraphs II through VII that he violated his community supervision conditions by (II) failing to obey the law, specifically, committing the offense of driving while intoxicated, (III) leaving Smith County and traveling to Henderson County without court or supervision officer permission, (IV) entering the premises of Veterans of Foreign Wars, which is a bar, tavern, lounge, or similar place, (V) drinking an alcoholic beverage, (VI) possessing an alcoholic beverage, and (VII) failing four times to report and submit to a random urinalysis.

After a hearing on the motion, the trial court found the allegations in paragraphs II, III, V, VI, and VII "true," adjudicated Appellant "guilty," and assessed his punishment at confinement

in a state jail facility for a term of twenty-four months and a $5,000.00 fine. This appeal followed.

## JUDGMENT ERROR

In Appellant's sole issue, he argues that the judgment must be modified to properly reflect the trial court's findings.

### Applicable Law

When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The solution in such cases is to reform the written judgment to conform to the sentence that was orally pronounced. *Id.*; *see also* TEX. R. APP. P. 43.2 (authorizing courts of appeals to modify trial court's judgment).

### Analysis

Appellant complains that the trial court's judgment states the court found paragraph IV of the State's motion to adjudicate "true." He contends that because the trial court made no finding that paragraph IV is "true," the statement in the judgment does not accurately reflect the court's pronouncement. The State concedes that the record supports Appellant's claim.

We agree with Appellant that the statement does not accurately reflect the trial court's pronouncement. Accordingly, we sustain his sole issue and modify the judgment to delete the statement that Appellant violated the terms and conditions of community supervision as set out in paragraph IV of the State's motion to adjudicate guilt. *See* TEX. R. APP. P. 43.2; *Thompson*, 108 S.W.3d at 290.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the trial court's judgment and *affirm* it *as modified*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-20-00277-CR**

**GARRETT WAYNE BUTTRAM,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1128-18)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the statement that Appellant violated the terms and conditions of community supervision as set out in paragraph IV of the State's motion to adjudicate guilt; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*