

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-22-00002-CR
& 06-22-00003-CR

SHANE HARLEY ESSARY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court Nos. CR-20-27823 & CR-20-27902

Before Morriss, C.J., Stevens and van Cleef, JJ.

O R D E R

On November 12, 2021, Shane Harley Essary was found guilty of the offense of aggravated assault on a public servant with a deadly weapon in the trial court's cause number CR-20-27823 and of the offense of aggravated assault on a public servant with a deadly weapon in the trial court's cause number CR-20-27902, both second-degree felonies.[1]  After a presentence investigation report and additional evidence were received, the trial court sentenced Essary, in a single proceeding, to forty years' imprisonment.  This appeal followed.

Essary's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal.  Counsel has filed a brief pursuant to *Anders v. California* and has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced.  *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

However, the record in this case shows that, although the trial court found Essary guilty on the counts charged in each indictment, it sentenced Essary to a single sentence of forty years' imprisonment.  The judgment entered by the trial court in cause number CR-20-27823 sentences Essary to forty year's imprisonment and states that it is to run concurrently with the sentence

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (Supp.).

entered in cause number CR-20-27902. The judgment entered by the trial court in cause number CR-20-27902 sentences Essary to forty year's imprisonment and states that it is to run concurrently with the sentence entered in cause number CR-20-27823.

The Texas Penal Code requires that, when a defendant "is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced." TEX. PENAL CODE ANN. § 3.03(a) (Supp.); *White v. State*, 543 S.W.2d 130, 132 (Tex. Crim. App. 1976). Further, the trial court is required to pronounce sentence orally in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Supp.); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "[I]t is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Madding*, 70 S.W.3d at 135 (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)). Further, when the trial court fails to pronounce sentence on a charged offense, an appellate court is without jurisdiction to hear an appeal on that conviction. *See Thompson v. State*, 108 S.W.3d 287, 293 (Tex. Crim. App. 2003); *White*, 543 S.W.2d at 132; *Keys v. State*, 340 S.W.3d 526, 529 (Tex. App.—Texarkana 2011, pet. ref'd) (order).

In this case, since the trial court pronounced sentence on an offense, we would have jurisdiction over the appeal from one of the convictions, but do not have jurisdiction over the appeal from the conviction for which a sentence was not pronounced. *See White*, 543 S.W.2d at 132. However, since the trial court found Essary guilty of both offenses and pronounced only

3

one sentence, we are unable to determine which conviction received the sentence. In *Keys*, the trial court failed to pronounce sentence on the charged offense. This Court declined to dismiss Keys's appeal for lack of jurisdiction. Instead, we abated the matter to the trial court to orally pronounce sentence in Keys's presence in reliance on Rule 44.4 of the Texas Rules of Appellate Procedure, finding that "Rule 44.4 directs us, in this circumstance in which the error can be corrected by the trial court, not to dismiss, but first to direct that the trial court take the corrective action and then, once the error has been corrected, to address the other issues on appeal."[2] *Keys*, 340 S.W.3d at 529 (citing TEX. R. APP. P. 44.4).

Consequently, we abate these causes to the trial court for a sentencing hearing at which the trial court shall (1) orally pronounce Essary's guilt with respect to each charge and (2) orally pronounce his sentence on each charge in Essary's presence, or by any method permitted by the Supreme Court of Texas's Fifty-First Emergency Order Regarding the COVID-19 State of Disaster.[3] The sentencing hearing is to be conducted within thirty days of the date of this order.

---

[2]Rule 44.4 provides:

>    (a)    *Generally*. A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
>
>        (1)    the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
>
>        (2)    the trial court can correct its action or failure to act.
>
>    (b)    *Court of Appeals Direction if Error Remediable*. If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4.

[3]*See* Supreme Court of Texas, *Fifty-First Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 22-9036 (May 25, 2022).

The reporter's record of the hearing shall be filed, in the form of a supplemental reporter's record, within twenty days of the date of the hearing, together with a supplemental clerk's record containing the trial court's judgments.

Because the trial court, by pronouncing guilt and imposing the sentences in Essary's presence or other permissible method, is correcting a jurisdictional error, the judgments issued following the sentencing hearing shall not be judgments nunc pro tunc. Instead, they will be the only valid judgments in this case. Consequently, the judgments shall properly reflect the date sentence is imposed as the date the trial court orally pronounces guilt and orally imposes sentence in each matter. Because Essary has been incarcerated since December 15, 2021, the trial court is directed to credit Essary, in each of the judgments, with all time credited in the original judgment and all time served from and including December 15, 2021, through the date the sentences are imposed.

All appellate timetables are stayed and will resume on our receipt of the supplemental records. On reinstatement, this Court will consider the merits of the *Anders* brief filed by Essary's counsel.

IT IS SO ORDERED.

BY THE COURT

Date: June 1, 2022

5