

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-25-00110-CR

RICHARD ALAN TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 081436-A-CR, Honorable Dee Johnson, Presiding

October 24, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Richard Alan Taylor appeals from his convictions for aggravated sexual assault of a child and the resulting sentences. Through one issue, he contends the fines set forth in the Bills of Cost should be deleted.[1] We agree, modify the Bills of Cost, and otherwise affirm the judgments of the trial court.

---

[1] The written judgments for Counts I and II show $0 under the heading "Fines." However, the $100 Child Abuse Prevention fine is included in each associated Bill of Cost.

Appellant was convicted as set forth in the indictments in this matter and sentenced to serve sixty years of imprisonment for each. No fine was pronounced at sentencing. However, the Bill of Cost for each count includes a $100 "Child Abuse Prevention Fine." Appellant contends this fine must be deleted from the Bill of Cost for each count.

"A trial court's pronouncement of a sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). When the oral pronouncement and the written judgment conflict, the solution is to reform the written judgment to conform to the sentence that was orally pronounced. *Id.*; *see also Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (recognizing appellate courts have the power to modify judgment to speak the truth when they are presented with the necessary information to do so). A fine is not a court cost or fee; rather, it is part of the punishment. *Akhil v. State*, No. 02-24-00311-CR, 2025 Tex. App. LEXIS 5083, at *3 (Tex. App.—Fort Worth July 17, 2025, no pet.) (mem. op., not designated for publication). Therefore, it must be orally pronounced in the defendant's presence. *Id.* And, this includes a Child Abuse Prevention fine. *See Williams v. State*, No. 05-24-00400-CR, 2025 Tex. App. LEXIS 5789, at *3-4 (Tex. App.—Dallas Aug. 5, 2025, no pet.) (mem. op., not designated for publication) (modifying the judgment to redact the Child Abuse Prevention Fine since it was not orally pronounced at sentencing).

In this case, if the trial court had included the Child Abuse Prevention fines in its oral pronouncement of appellant's sentence for each count, the $100 fines would have been properly assessed against appellant. However, because the $100 Child Abuse Prevention fines were not orally pronounced by the trial court at sentencing, we agree with appellant and find they were improperly included in the Bills of Cost associated with the judgments.

Accordingly, we modify the Bills of Cost to delete the $100 Child Abuse Prevention fines assessed against appellant. *Fugett v. State*, No. 07-24-00361-CR, 2025 Tex. App. LEXIS 6903, at *4 (Tex. App.—Amarillo Aug. 28, 2025, no pet.) (mem. op., not designated for publication) (modifying judgments to delete Child Abuse Prevention fine and requesting an amended Bill of Cost because the fines were not orally pronounced); *Akhil*, 2025 Tex. App. LEXIS 5083, at *3 (similarly modifying judgment); *Rhodes v. State*, 712 S.W.3d 226, 235 (Tex. App.—Eastland 2025, no pet.) (same).

Given the posture of this case, we 1) invoke Rule 2 of the Texas Rules of Appellate Procedure, 2) immediately submit the cause for disposition, 3) sustain appellant's issue, and 4) affirm the trial court's judgments as modified herein.

Brian Quinn
Chief Justice

Do not publish.