**Opinion issued October 21, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00052-CR

## NO. 01-20-00053-CR

———————————

## ROGER DALE SCHEXNAYDER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case Nos. 18-CR-0993 & 19-CR-0952**

---

## MEMORANDUM OPINION

Roger Dale Schexnayder appeals his convictions for injury to a child and evading arrest. On appeal, he argues that the judgment erroneously assessed court costs and fees for his injury to a child conviction. He also contends that the judgment

for evading arrest incorrectly lists the court's findings on the motion to adjudicate his guilt. We hold that Schexnayder's issues related to the injury to a child conviction, trial court case number 18-CR-0993, are moot and affirm the judgment. We reform the judgment for the evading arrest conviction, trial court case number 19-CR-0952, to correctly reflect the trial court's findings. We affirm the judgment as modified.

### Background

In April 2019, Schexnayder pleaded guilty to two offenses in exchange for an agreed disposition of six years' deferred adjudication community supervision for both offenses. First, he pleaded guilty to injury to a child with intent to cause bodily injury, a third-degree felony, which was reduced from sexual assault of a child. *See* TEX. PENAL CODE §§ 22.04 (injury to a child); 22.011 (sexual assault of a child). He also pleaded guilty to evading arrest and detention in a motor vehicle. *See* TEX. PENAL CODE § 38.04(b)(2)(A) (evading arrest with a motor vehicle).

In July 2019, the State filed a motion to adjudicate guilt for both offenses. The motion alleged that Schexnayder committed three new offenses while under community supervision. The motion also alleged that he failed to pay monthly community supervision fees in the evading arrest case. At a hearing on the motion, Schexnayder pleaded true to the allegation that he failed to pay the monthly community supervision fee and not true to the remaining allegations. At sentencing,

the court found all of the allegations true and assessed punishment at five years' imprisonment for each offense, with the sentences running concurrently. The court found Schexnayder indigent and waived court costs and fees in both cases.

**Imposition of Court Costs and Fees**

In his first two issues, Schexnayder contends that the judgment in the injury to a child case, trial court case number 18-CR-0993, erroneously assessed court costs and a Crime Stoppers fee. After Schexnayder filed his brief, the State, agreeing with Schexnayder, requested that the trial court issue a judgment nunc pro tunc eliminating the assessment of costs and fees. The trial court issued a nunc pro tunc judgment on July 21, 2020 that eliminates the complained-of fees. *See Ex parte Madding*, 70 S.W.3d 131, 135 & n.8 (Tex. Crim. App. 2002) (when oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls and this can be corrected via nunc pro tunc). Accordingly, Schexnayder's first two issues are moot.

**Findings on Motion to Adjudicate**

In his third issue, Schexnayder argues that the judgment adjudicating guilt for evading arrest, trial court case number 19-CR-0952, erroneously lists the trial court's findings on the motion to adjudicate guilt. Specifically, he contends that the judgment erroneously states that the trial court found allegation 1B not true, alleging interfering with public duties. The trial court orally pronounced that it found that the

allegation was true. Schexnayder asserts that we should modify the judgment to reflect that the court found allegation 1B true. The State agrees that the judgment does not reflect the court's oral pronouncement but argues that the judgment need not be modified because the error does not impact Schexnayder's sentence.

"A defendant's sentence must be pronounced orally in his presence." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Where there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). "The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement." *Taylor*, 131 S.W.3d at 500.

After reviewing the record, we agree that the judgment contains a clerical error regarding the trial court's findings on allegation 1B. The judgment reflects that the allegation was found not true, while the trial court orally pronounced that the finding was true. An appellate court has the authority to reform a judgment to make the record speak the truth when the matter has been called to its attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also Dromgoole v. State*, 470 S.W.3d 204, 226 (Tex. App.–Houston [1st Dist.] 2015, pet. ref'd). We modify the judgment in trial court case number 19-CR-0952 to reflect that the trial court found allegation 1B true.

## Conclusion

We affirm the judgment in trial court case number 18-CR-0993. We modify the judgment in trial court case number 19-CR-0952 to reflect that the trial court found allegation 1B true, and we affirm the judgment as modified.


Peter Kelly
Justice

Panel consists of Justices Kelly, Guerra, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).